**IMG-013**                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4486
_____

AMRUTBHAI PATEL; SAILEN A. PATEL; RANJANABEN PATEL,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A073-171-297, A073-636-390 & A073-636-407 )
Immigration Judge:  Honorable Henry S. Dogin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 17, 2010
Before:  AMBRO, GREENAWAY, JR., AND GREENBERG, Circuit Judges

(Opinion filed: December 6, 2010)
_____

OPINION
_____

PER CURIAM

    Petitioners seek review of the decision of the Board of Immigration Appeals

("BIA"), dismissing their appeal from the Immigration Judge's ("IJ") denial of their

motion to reopen.  For the reasons that follow, we will deny the petition for review.

Petitioners Amrutbhai, Sailen, and Ranjanaben Patel, natives and citizens of India, entered the United States without inspection in the early 1990s. In January 1994, Amrutbhai Patel filed an application for asylum. The address listed on his application was 5608 Palisades Avenue in West New York, New Jersey ("the West New York address").[1] (A.R. 268.)

In November 1996, Patel's U.S. citizen brother, Ambalal Patel, filed an I-130 relative visa petition for an F-4 visa (siblings of U.S. citizens). The petition was approved on January 7, 1997, and was given a priority date of November 6, 1996. On March 10, 1997, an interview was scheduled with an asylum hearing officer. (A.R. 197.) Patel did not attend the interview.[2] No action was taken for approximately six years, when an appointment letter was sent to Patel at 1310 80th Street, North Bergen, New Jersey ("the North Bergen address"), requesting that he appear for an asylum interview on February 26, 2003.[3] (A.R. 267.) When he failed to appear, the matter was referred to the Immigration Court. Notices to Appear were issued to all three petitioners on May 22, 2003. (A.R. 288-89, 402-03, 516-17.) On June 18, 2003, the Notices to Appear were

---

[1] Because Amrutbhai Patel is the lead petitioner, all references herein to "petitioner" or "Patel" refer to him.

[2] This information is taken from the affidavit submitted by Patel in support of his motion to reopen. It is not clear whether he was alleging that he did not receive notice of the interview or he simply chose not to attend. His affidavit simply states: "A hearing was scheduled on March 10, 1997 but I could not appear for the same." (A.R. 197.)

[3] There is no change of address form in the record. It is not clear from

sent by regular first-class mail to the North Bergen address requesting that petitioners appear in court on October 8, 2003. (Id.) On or about July 2, 2003, Notices of Hearing were sent to the North Bergen address by regular first-class mail requesting that petitioners appear for a master hearing on August 12, 2003. (A.R. 287, 401, 515.) When they failed to appear on August 12, the Patels were ordered removed to India in absentia. (A.R. 265-66, 398-99, 512-13.)

Copies of the removal orders were mailed to the Patels at the North Bergen address on August 14, 2003. (Id.) On August 20, 2003, their then-attorney Mahesh M. Dave sent three letters to the Bureau of Citizenship and Immigration Services attempting to withdraw petitioners' asylum application. (A.R. 59, 317, 41.) The record does not reflect any activity in the following years save a letter from Dave to the Patels dated December 27, 2006, reading:

> Today you came to our office and discussed the above-referred cases. You told us that removal orders are passed in your above cases.
> We checked with the USCIS office by phone and found that in all cases removal orders are passed by the office of USCIS, 970 Broad Street, Newark, New Jersey on August 12, 2003. This is to let you know that there is no clock on your case; system does not contain any future cases and no information on appeal.
> You came to our office on August 20, 2003 with a notice dated May 22, 2003. The said notice states that you were scheduled to appear before the Immigration Judge on October 8, 2003.
> We will let you know the next follow up action.

(A.R. 60.)

On August 31, 2007, a new attorney, Dr. Unni Krishnan, filed an appearance on

---

where the Immigration and Naturalization Service obtained this address.

behalf of the Patels. (A.R. 264.) On April 30, 2008, he filed three motions to reopen the removal proceedings held in absentia. (A.R. 169-84; 298-310; 412-26.) In Patel's motion to reopen,[4] he alleged that "no Notice to appear was ever served in person, by certified mail, or by ordinary mail at any time. The Respondent was completely unaware of the removal proceedings, place, date and time of the hearings conducted. The Respondent came to know about the deportation order for the first time when he approached a lawyer for withdrawing the asylum application and the lawyer on enquiry came to know and informed the Respondent that he cannot withdraw the asylum application since a deportation order has been passed." (A.R. 74-75.) Patel averred that while a visa was not previously available for him, one was available at the time the motion to reopen was filed.[5] (A.R. 75.) Specifically he said:

> I[,] my wife, son, brother (U.S. citizen)[,] brother's wife in the United States at that time and also an aunt who is permanent resident. The U.S. citizen uncle filed an I-130 petition on behalf of my father under family based fourth category, which got approved on January 03, 1997, which has a priority date November 6, 1996 giving me a readily available visa since I am a derivative beneficiary of the said petition and also I am grandfathered under the new section 245(I) legislation. However visa numbers were not available when deportation order passed and with the hope of getting permanent residency I stayed in the United States till now. The visa numbers are available now and hence I and my family members are eligible to adjust status under the new 245(I) legislation. . . .
>
> I humbly submit that I could not attend hearings of removal

---

[4] The language of the other two motions to reopen tracks that of Patel's.
[5] According to the Attorney General, the April 2008 Department of State Visa Bulletin indicated that visa numbers were available for F-4 visa applicants from India with priority dates before November 22, 1996. (A.R. 191.)

4

proceedings since I was never notified of the date and time of the hearings, a removal proceedings were conducted against me. At that time I was living at 1310 80th Street, North Bergen, NJ 07047. I submit this affidavit in connection of no notice or NTA was not served upon me regarding the date, time and place of a removal hearing was conducted. I had no motive to avoid the hearing. . . .

(A.R. 102-03.) Thus, he admitted that at the time of the removal proceedings, he was living at the North Bergen address.

The IJ denied the motions to reopen, explaining that the motions were untimely and did not meet any of the exceptions to the time limit for filing a motion to reopen. See 8 C.F.R. § 1003.23(b)(3); (b)(4)(ii) & (iii). The IJ noted that in absentia removal proceedings can be reopened at any time if the alien can show that he did not receive notice of the deportation proceeding. See 8 U.S.C. § 1229a(b)(5)(C)(ii); 8 C.F.R. § 1003.23(b)(4)(iii)(A)(2). However, the IJ rejected petitioner's contention that he never received notice of the hearing. First, none of the notices sent to the North Bergen address was ever returned undeliverable. Second, the IJ credited a letter submitted by petitioners from their original attorney, Mr. Dave, explaining that on August 20, 2003, petitioners came to his office with a notice dated May 22, 2003, which stated that they were scheduled to appear before the IJ on October 7, 2003. According to the IJ:

> This 'notice' corresponds with the NTA, dated May 22, 2003, stating that the Respondents were ordered to appear before this court on October 7, 2003. The Respondents clearly had actual notice of the commencement of proceedings and the requirement to appear in court. Additionally, the letter from Mr. Dave states that when the Respondents came to his office on December 27, 2006, *they told him* (emphasis added) that 'removal orders are passed in [their] above cases.' The Respondents' [sic] also clearly had actual notice of the *in absentia* orders of removal by the court prior to

5

December 27, 2006.

(A.R. 39.)  For these reasons, the IJ denied the motions to reopen.

On appeal to the BIA, petitioners argued that the IJ erred in combining the three motions together for disposition and that the IJ failed to appreciate that there is no time limit for filing a motion to reopen an in absentia removal order where the alien demonstrates that he did not receive proper notice.  They maintained that their "sworn statements" that they were unaware of the removal proceedings until December 2006 demonstrate as much and, therefore, the IJ erred in concluding that they had actual notice of the in absentia removal orders.  Finally, they contended that the fact that none of the notices mailed to petitioners was ever returned as undeliverable was not enough to rebut petitioners' sworn affidavits.

The BIA agreed with the IJ's conclusions and dismissed the appeal.  Relying on the presumption that a properly addressed notice sent via regular mail is received by the addressee, In re M-R-A-, 24 I. & N. Dec. 665 (BIA 2008), and the fact that none of the nine notices sent to petitioners was returned undeliverable, the BIA concluded that petitioners had not rebutted the "weaker presumption" that they received the notices.  See id. at 674.  The BIA agreed with the IJ that the record demonstrated that petitioners had actual notice of the commencement of the removal proceedings and the in absentia removal orders.  Considering all of the evidence in the record, the BIA agreed with the IJ that the petitioners could not qualify for equitable tolling to overcome the time bar, as they had not exercised due diligence in pursuing reopening.  Through new counsel,

6

petitioners timely filed a petition for review.

We have jurisdiction over this petition for review pursuant to 8 U.S.C. § 1252.[6] Because the BIA adopted the findings of the IJ and also commented on the sufficiency of the IJ's determinations, we review both decisions. See Santana Gonzalez v. Attorney Gen., 506 F.3d 274, 276 (3d Cir. 2007). We review these decisions for an abuse of discretion. See Liu v. Attorney Gen., 555 F.3d 145, 148 (3d Cir. 2009). Under this standard, we will reverse only if the decision is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). We review factual findings for substantial evidence. See id. at 170. We will therefore uphold the factual findings of the IJ if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." See Lin-Zheng v. Attorney Gen., 557 F.3d 147, 155 (3d Cir. 2009) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992)).

Motions to reopen generally must be filed with the IJ within 90 days of entry of a final administrative order of removal. 8 C.F.R. § 1003.23(b)(1). As relevant here, an exception to the 90-day limit exists for a motion to reopen based on an in absentia removal order if the alien can demonstrate that he did not receive proper notice of the

_____

[6] The Attorney General contends that we lack jurisdiction over petitioners' argument that the hearing notices were sent to the wrong address. According to the Attorney General, petitioners failed to raise this specific claim before the BIA or IJ and, therefore, we cannot consider it for the first time in connection with their petition for review. As petitioners make this argument in the context of their claim that they did rebut the presumption that the notices were received by them, we consider it part and parcel of their "notice" claim, and therefore will review it in that context.

7

proceedings. See 8 U.S.C. § 1229a(b)(5)(C)(ii); 8 C.F.R. § 1003.23(b)(4)(iii)(A)(2). We recently addressed the proper standard to be used in determining whether an alien "received notice" of a hearing when that notice was sent by regular U.S. mail. In Santana Gonzalez v. Attorney General, 506 F.3d 274 (3d Cir. 2007), we explained that in contrast to notice sent by certified mail, "a weaker presumption of receipt applies when such a notice is sent by *regular* mail." See id. at 279. In so holding, we agreed with the Ninth Circuit that "submission of an affidavit by an alien claiming non-receipt of a notice of hearing by him or her, or a responsible person residing at her address, along with circumstantial evidence corroborating the alien's claims of non-receipt may ordinarily be sufficient to raise a factual issue requiring an evidentiary hearing before the IJ." Id. at 280. The BIA's decision in Matter of M-R-A- adopted this reasoning as well. See 24 I. & N. Dec. at 672-73.

Petitioners aver that the BIA and IJ failed to accord them the benefit of the "weaker presumption" outlined in Santana Gonzalez and that the IJ improperly relied on "unsubstantiated statements in a self-serving letter written by a now-deceased attorney." The BIA clearly relied on Matter of M-R-A- in its decision, which adopted the rationale of Santana Gonzalez. While petitioners are correct that, because the notices were sent to them by regular mail, they only had to overcome the "weaker" presumption of receipt, they do not address all of the evidence that was before the IJ. Petitioners' own affidavits both supported and undercut their positions. They claimed that they did not receive any of the nine notices mailed to them, yet they admitted that they resided at the address to

8

which the notices were sent during the relevant time frame, and that they remained in the United States after they knew they had been ordered removed, in the hopes of their priority dates becoming current. (A.R. 102-03, 325-26, 441-42.) Additionally, while petitioners now argue that the North Bergen address differed from the West New York address provided on Patel's asylum application, at no time during the proceedings below did petitioners aver that they did not reside at the North Bergen address during the relevant time. Finally, while petitioners now seek to call into question the motives of their former attorney, whose letter suggested that petitioners had actual knowledge of the IJ's in absentia removal order, it was petitioners who placed Mr. Dave's letter into the record in support of their motions to reopen. (A.R. 59-60.) Petitioners do not demonstrate and we cannot conclude that the IJ's factual findings were not "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Considering the record that was before the BIA and IJ, we find that they acted within their discretion in denying petitioners' motions to reopen.

Petitioners remark in passing that they should have been permitted an evidentiary hearing, yet they fail to point to any place in the record where they requested one. They also improperly attempt to recast their claim regarding the alleged lack of service into a due process claim. Khan v. Attorney Gen., 448 F.3d 226, 236 (3d Cir. 2006). Finally, they contend that the BIA engaged in improper factfinding. It is clear that the BIA may not engage in fact finding in the course of deciding an appeal. See 8 C.F.R. § 1003.1(d)(3)(iv). At its heart, however, this case turns on whether petitioners can

9

overcome the weak presumption that they received the notices to appear, notices of hearing, and in absentia removal order, all of which were mailed to the address where they said they resided. The IJ found that petitioners "had actual notice of the commencement of proceedings and the requirement to appear in court" and that they "had actual notice of the in absentia orders of removal by the court prior to December 27, 2006." (A.R. 39.) The BIA reviewed these factual findings under the proper standard, concluding that they were not clearly erroneous. See Kaplun v. Attorney Gen., 602 F.3d 260, 272 (3d Cir. 2010). Because the BIA committed no error in its review of this finding, we conclude that it acted within its discretion. Based on the foregoing, we will deny the petition for review.[7]

---

[7] We note that petitioners simultaneously argue that the BIA improperly engaged in factfinding and that it failed to engage in factfinding by declining to credit the affidavit submitted by Patel on appeal urging the BIA to discount Mr. Dave's letter based on the improper motives ascribed to him by Patel. (Pet'rs Br. 20-21.)