# Matter of M-R-A-, Respondent

*Decided October 31, 2008*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  Where a Notice to Appear or Notice of Hearing is properly addressed and sent by regular mail according to normal office procedures, there is a presumption of delivery, but it is weaker than the presumption that applies to documents sent by certified mail. *Matter of Grijalva*, 21 I&N Dec. 27 (BIA 1995), distinguished.

(2)  When an Immigration Judge adjudicates a respondent's motion to reopen to rescind an in absentia order of removal based on a claim that a notice sent by regular mail to the most recent address provided was not received, all relevant evidence submitted to overcome the weaker presumption of delivery must be considered, including but not limited to factors such as affidavits from the respondent and others who are knowledgeable about whether notice was received, whether due diligence was exercised in seeking to redress the situation, any prior applications for relief that would indicate an incentive to appear, and the respondent's prior appearance at immigration proceedings, if applicable.

(3)  The respondent overcame the presumption of delivery of a Notice of Hearing that was sent by regular mail where he submitted affidavits indicating that he did not receive the notice, had previously filed an asylum application and appeared for his first removal hearing, and exercised due diligence in promptly obtaining counsel and requesting reopening of the proceedings.

FOR RESPONDENT:  Nijad Georges Mehanna, Esquire, Dearborn Heights, Michigan

BEFORE:  Board Panel: OSUNA, Chairman; ADKINS-BLANCH and WENDTLAND, Board Members.

OSUNA, Chairman:

In a decision dated March 22, 2007, an Immigration Judge denied the respondent's motion to reopen removal proceedings.  The respondent has timely appealed from that decision.  The appeal will be sustained and the record will be remanded to the Immigration Judge.

## I.  FACTUAL AND PROCEDURAL HISTORY

The record reflects that the respondent was admitted to the United States on June 1, 2005, as a visitor for business.  He filed an Application for Asylum

and for Withholding of Removal (Form I-589) on May 18, 2006, with the Department of Homeland Security ("DHS").  On July 6, 2006, the DHS sent the respondent, by regular mail, a Notice to Appear (Form I-862) initiating removal proceedings and setting a removal hearing for August 15, 2006.  The respondent appeared for his hearing on that date and received a written notice for his next hearing scheduled for February 20, 2007.

On September 1, 2006, the Detroit Immigration Court sent a Notice of Hearing in Removal Proceedings ("Notice of Hearing") to the respondent to change the location of the hearing scheduled for February 20, 2007.  Another Notice of Hearing was sent to the respondent on November 6, 2006, rescheduling his hearing to February 13, 2007.  The respondent failed to appear for his hearing on that date and was ordered removed in absentia.

In his motion to reopen and accompanying affidavit filed before an Immigration Judge on March 6, 2007, the respondent claimed that he did not receive a Notice of Hearing regarding the hearing scheduled for February 13, 2007.  The respondent submitted the affidavit of an individual who stated that he is the only person that resides with the respondent at their address and that he has never received, nor is he aware of anyone receiving, any notice from the Detroit Immigration Court dated November 6, 2006, that was addressed to the respondent.  The respondent also submitted the affidavit of a person who stated that on or about February 5, 2007, the respondent came to his office seeking legal advice and asking if someone could represent him at a master calendar hearing on February 20, 2007.  According to the affiant, no one was available to assist the respondent, so he was just given a list of attorneys.

The Immigration Judge found that written notice of the hearing was sufficient because it was sent to the last known address provided by the respondent and was not returned to the Immigration Court.  The Immigration Judge further stated that because the notice was not returned and the respondent received his in absentia order, the presumption that postal officers properly discharge their duties had not been rebutted.  In support of his decision, the Immigration Judge cited *Matter of Grijalva*, 21 I&N Dec. 27 (BIA 1995), and *Matter of M-D-*, 23 I&N Dec. 540 (BIA 2002).

On appeal, the respondent argues that the Immigration Judge erred in relying on *Matter of Grijalva*, *supra*, and *Matter of M-D-*, *supra*, noting that those decisions were based on a statute that required delivery by certified mail, while his notice was sent by regular mail.[1]  The respondent also contends that

---

[1]    We note that deportation proceedings, the precursor to removal proceedings, were initiated by issuance of an Order to Show Cause and Notice of Hearing (Form I-221) that was personally served on the respondent or was sent by certified mail.  *See* former section 242B(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1252b(a)(1)

(continued...)

because the Immigration and Nationality Act no longer requires delivery by certified mail, a weaker presumption of delivery and lesser evidentiary requirements to rebut the presumption should be applied when notice is sent by regular mail. He notes in this regard that although there might be proof that a Notice of Hearing was mailed, there is no proof with regular mail service that any delivery or attempted delivery was, in fact, made. He also points out that if the United States Postal Service mistakenly delivers the notice to the wrong address, the person who actually received it might not return it. According to the respondent, when the Immigration Court changes a hearing date on its own to an "earlier" date, it should protect the interests of respondents by sending the Notice of Hearing by certified mail so there will be proof from the Postal Service regarding any attempt to deliver and subsequent events.

The respondent notes that he initiated a proceeding to obtain asylum, appeared at his asylum interview and his first removal hearing, and had no motive to miss any hearings. He states that he was informed of the consequences of failing to appear and had every reason to appear at his hearing. He therefore asserts that the evidence of his prior appearances in support of his asylum claim and the sworn statements he submitted are sufficient to rebut the presumption of delivery by regular mail.

## II. ISSUES

The issues raised on appeal concern the standard to be applied and the evidence to be considered by an Immigration Judge in determining whether a respondent has presented sufficient evidence to overcome the presumption of delivery when a Notice to Appear or Notice of Hearing has been sent by regular mail to the most recent address provided, but the respondent claims that he did not receive the document.

---

(...continued)
(1994); *Matter of Huete*, 20 I&N Dec. 250, 253 (BIA 1991) (holding that in order to effect service of an Order to Show Cause sent by certified mail, return receipt requested, the receipt must be signed by the addressee or a responsible person at his address and returned). Congress set forth the new procedures allowing notice through service by regular mail when it enacted section 304(a)(3) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-587.

## III.  APPLICABLE LAW

### A.  Notice of Removal Proceedings

Pursuant to section 239(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1229(a)(1) (2006), removal proceedings are initiated when an alien is provided notice of proceedings through service of a Notice to Appear.  The alien must be properly served with a Notice to Appear in person, or if personal service is not practicable, through service by mail to the alien or to counsel of record, if any.  *Id.*  Section 239(a)(1) of the Act, which also sets forth the information that must be included in the notice, provides as follows:

> In removal proceedings under section 240, written notice (in this section referred to as a "notice to appear") shall be given in person to the alien (or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record, if any) specifying the following:
>
> (A) The nature of the proceedings against the alien.
> (B) The legal authority under which the proceedings are conducted.
> (C) The acts or conduct alleged to be in violation of law.
> (D) The charges against the alien and the statutory provisions alleged to have been violated.
> (E) The alien may be represented by counsel and the alien will be provided (i) a period of time to secure counsel under subsection (b)(1) and (ii) a current list of counsel prepared under subsection (b)(2).
> (F)(i) The requirement that the alien must immediately provide (or have provided) the Attorney General with a written record of an address and telephone number (if any) at which the alien may be contacted respecting proceedings under section 240.
>
> (ii) The requirement that the alien must provide the Attorney General immediately with a written record of any change of the alien's address or telephone number.
>
> (iii) The consequences under section 240(b)(5) of failure to provide address and telephone information pursuant to this subparagraph.
> (G)(i) The time and place at which the proceedings will be held.
>
> (ii) The consequences under section 240(b)(5) of the failure, except under exceptional circumstances, to appear at such proceedings.

Similarly, section 239(a)(2) of the Act states that when there is any change or postponement in the time and place of the removal proceedings, a written notice must be given in person to the alien, or if personal service is not practicable, through service by mail to the alien or counsel of record, if any, of the new time or place of the hearing and the consequences of failing to attend the proceedings.  Section 239(a)(2) provides as follows:

> (A) In General—
> In removal proceedings under section 240, in the case of any change or postponement in the time and place of such proceedings, subject to subparagraph (B)

a written notice shall be given in person to the alien (or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record, if any) specifying—
　　(i) the new time or place of the proceedings, and
　　(ii) the consequences under section 240(b)(5) of failing, except under exceptional circumstances, to attend such proceedings.
　　(B) Exception.—
In the case of an alien not in detention, a written notice shall not be required under this paragraph if the alien has failed to provide the address required under paragraph (1)(F).

　　The applicable regulations place responsibility on the Immigration Court to schedule cases and to provide the required notice of the hearing or any change in the scheduled time or place of the proceeding. According to 8 C.F.R. § 1003.18 (2008):

　　(a) The Immigration Court shall be responsible for scheduling cases and providing notice to the government and the alien of the time, place, and date of hearings.
　　(b) . . . In the case of any change or postponement in the time and place of such proceeding, the Immigration Court shall provide written notice to the alien specifying the new time and place of the proceeding and the consequences under section 240(b)(5) of the Act of failing, except under exceptional circumstances as defined in section 240(e)(1) of the Act, to attend such proceeding.

## B.  Service by Mail

　　As outlined above, in the case of either the initial Notice to Appear for a hearing or any notice of a change in the scheduled hearing, an alien must be properly served in person, or if personal service is not practicable, through service by mail to the alien or counsel of record. According to section 239(c) of the Act, "[s]ervice by mail [is] sufficient if there is proof of attempted delivery to the last address provided by the alien" in accordance with section 239(a)(1)(F), which provides that the Notice to Appear must specifically inform a respondent of the affirmative duty to update his address with the DHS in writing and to notify the Immigration Court immediately whenever his address or telephone number changes during the course of the proceedings. *See also* 8 C.F.R. § 1003.15(d) (2008) (providing that an alien must notify the Immigration Court regarding his address and telephone number by filing a Form EOIR-33). Furthermore, defining the term "service," the regulation at 8 C.F.R. § 1003.13 (2008) states, in part, as follows:

　　*Service* means physically presenting or mailing a document to the appropriate party or parties; . . . a Notice to Appear or Notice of Removal Hearing shall be served to the alien in person, or if personal service is not practicable, shall be served by regular mail to the alien or the alien's attorney of record.

According to both the statute and the regulations, therefore, an alien may be served with a Notice to Appear or Notice of Hearing by regular mail.

### C. In Absentia Proceedings

An Immigration Judge must proceed in absentia if an alien fails to appear for a hearing after written notice has been provided to the alien or the alien's counsel of record, either through service of a Notice to Appear containing the hearing date and time, or through service of a subsequent Notice of Hearing. Sections 239(a)(1), (2) of the Act. The consequences of a failure to appear are set forth in section 240(b)(5)(A) of the Act,[2] which provides as follows:

> Any alien who, after written notice required under paragraph (1) or (2) of section 239(a) has been provided to the alien or the alien's counsel of record, does not attend a proceeding under this section, shall be ordered removed in absentia if the Service establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable (as defined in subsection (e)(2)). The written notice by the Attorney General shall be considered sufficient for purposes of this subparagraph if provided at the most recent address provided under section 239(a)(1)(F).

Furthermore, 8 C.F.R. § 1003.26(c) (2008) specifically provides that in any removal proceeding in which the alien fails to appear, the Immigration Judge must order the alien removed in absentia if the following requirements are satisfied:

> (1) The Service establishes by clear, unequivocal, and convincing evidence that the alien is removable; and
> (2) The Service establishes by clear, unequivocal, and convincing evidence that written notice of the time and place of proceedings and written notice of the consequences of failure to appear were provided to the alien or the alien's counsel of record.

In regard to the notice required to support in absentia proceedings, 8 C.F.R. § 1003.26(d) provides the following:

> Written notice to the alien shall be considered sufficient for purposes of this section if it was provided at the most recent address provided by the alien. If the respondent fails to provide his or her address as required under § 1003.15(d), no written notice shall be required for an Immigration Judge to proceed with an in absentia hearing. This paragraph shall not apply in the event that the Immigration Judge waives the appearance of an alien under § 1003.25.

---

[2] We note that this statute and other cited provisions refer to the DHS although they use the term "Service," which is shorthand for the former Immigration and Naturalization Service.

Therefore, once the DHS establishes that the required written notice was provided to the alien or the alien's counsel of record under sections 239(a)(1) or (2) of the Act and that the alien is removable, it is appropriate for an Immigration Judge to proceed with the hearing and order the alien removed in absentia. However, an alien may seek reopening on the basis that the failure to appear resulted from nonreceipt of the Notice to Appear or Notice of Hearing or was because of exceptional circumstances. In regard to a situation where an alien seeks reopening based on a claim that notice was defective, 8 C.F.R. § 1003.23(b)(4)(ii) provides, in part, as follows:

> An order entered in absentia pursuant to section 240(b)(5) may be rescinded upon a motion to reopen filed at any time if the alien demonstrates that he or she did not receive notice in accordance with sections 239(a)(1) or (2) of the Act, or the alien demonstrates that he or she was in Federal or state custody and the failure to appear was through no fault of the alien.

Having reviewed the applicable statutory and regulatory provisions, we now examine both the standard to be applied and the evidence to be considered when determining whether a respondent has presented sufficient evidence to overcome the presumption of delivery of a Notice to Appear or Notice of Hearing sent by regular mail.

## IV. PRESUMPTION OF DELIVERY

In *Matter of G-Y-R-*, 23 I&N Dec. 181 (BIA 2001), we held that entry of an in absentia order of removal is inappropriate where the record reflects that the respondent did not receive, or could not be charged with receiving, the Notice to Appear that was served by mail at an address obtained from documents filed with the DHS several years earlier. We have recognized that "'[a] letter properly addressed, stamped and mailed is presumed to have been duly delivered to the addressee.'" *Matter of M-D-*, *supra*, at 546 (quoting *Federal Deposit Ins. Corp. v. Schaffer*, 731 F.2d 1134, 1137 n.6 (4th Cir. 1984)). In this case, the Notice of Hearing dated November 6, 2006, was sent to the respondent's current address, yet he claims that he did not receive it.

In *Matter of Grijalva*, *supra*, we held that a Notice of Hearing sent by certified mail to the alien's last known address is sufficient to establish by clear, unequivocal, and convincing evidence that the alien received "written notice" of the deportation hearing within the meaning of former section 242B(c)(1) of the Act, 8 U.S.C. § 1252b(c)(1) (Supp. V 1993). In this regard, we noted that there "is no requirement that the certified mail return receipt be signed by the alien or a responsible person at his address to effect service." *Id.* at 34. We also held that where a Notice of Hearing is sent through the United States Postal Service and there is proof of attempted delivery and

notification of certified mail, a strong presumption of effective service arises because public officers, including Postal Service employees, are presumed to properly discharge their duties. *Id.* at 37. The evidentiary standard set forth in *Grijalva*, which provides a "strong presumption" of effective service of a Notice of Hearing, applies only when a notice from an Immigration Court or the DHS is sent by *certified* mail, and this presumption may be overcome only by presenting "substantial and probative evidence." *Id.* Because the respondent's Notice of Hearing was served by regular mail, the strong presumption of effective service in *Grijalva* is inapplicable in this case.

A number of circuit courts have recently considered the appropriate standard to be applied when service of a Notice to Appear or Notice of Hearing is sent to a respondent by regular mail. The United States Court of Appeals for the Second Circuit has noted that when considering a motion to reopen, the central issue is no longer whether the notice was properly mailed, as it is for the purpose of initially entering the in absentia order, but rather whether the alien actually *received* the notice. *Lopes v. Gonzales*, 468 F.3d 81, 84 (2d Cir. 2006); *compare* 8 C.F.R. § 1003.23(b)(4)(ii) *and* 8 C.F.R. § 1003.26(d). In *Silva-Carvalho Lopes v. Mukasey*, 517 F.3d 156 (2d Cir. 2008), the Second Circuit held that the burden of proof to overcome the "slight" presumption of receipt in the context of regular mail is significantly lower than the burden set forth for certified mail in *Matter of Grijalva*.

The Third Circuit has also found that a weaker presumption of receipt applies when a Notice of Hearing is sent by regular mail. *Santana Gonzalez v. Att'y Gen. of U.S.*, 506 F.3d 274, 279 (3d Cir. 2007). Other courts have reached similar conclusions. *See Kozak v. Gonzales*, 502 F.3d 34, 38 (1st Cir. 2007) (stating that the relevant question is whether alien received the hearing notice and that the standard enunciated in *Grijalva* cannot be applied to notices sent by regular mail); *Nibagwire v. Gonzales*, 450 F.3d 153, 157 (4th Cir. 2006) (finding that where the Notice to Appear was sent to the alien by regular mail, the Board erred by applying the delivery presumption for certified mail and by holding the alien to the evidentiary standard for rebutting that presumption); *Maknojiya v. Gonzales*, 432 F.3d 588, 589 (5th Cir. 2005) (holding that the Immigration Judge erroneously applied the *Grijalva* presumption to the alien's case, where notice of the hearing was sent by regular mail). *But see Gurung v. Ashcroft*, 371 F.3d 718, 721-22 (10th Cir. 2004) (holding that a Notice to Appear sent by regular mail to an alien's contact address of record is reasonably calculated to provide notice, and that the conclusory statement of not receiving notice is insufficient to carry the burden of proof in light of the presumption to the contrary); *Dominguez v. U.S. Att'y Gen.*, 284 F.3d 1258, 1259 (11th Cir. 2002) (stating that "[d]ue process is satisfied so long as the method of notice is conducted 'in a manner

"reasonably calculated" to ensure that notice reaches the alien'" (quoting *Anin v. Reno*, 188 F.3d 1273, 1278 (11th Cir. 1999))).

We find that it is proper to apply some presumption of receipt to a Notice to Appear or Notice of Hearing sent by regular mail when the notice was properly addressed and mailed according to normal office procedures. This presumption, however, is weaker than that accorded to notice sent by certified mail. Therefore, when a respondent seeks to reopen proceedings based on a claim of lack of receipt of notice, the question to be determined is whether the respondent has presented sufficient evidence to overcome the weaker presumption of delivery attached to notices delivered by regular mail.

## V.  EVIDENTIARY STANDARD

The circuit courts have addressed the question of what constitutes relevant evidence in evaluating whether a respondent has overcome the weaker presumption of delivery when a Notice to Appear or Notice of Hearing has been served by regular mail. In *Silva-Carvalho Lopes v. Mukasey*, *supra*, at 160, the Second Circuit stated that the Board must consider all of the alien's evidence, circumstantial or otherwise, to determine whether the "slight" presumption of receipt of regular mail has been overcome. *See also Kozak v. Gonzales*, *supra*, at 37 (stating that the Board is entitled to take into account all relevant evidence surrounding the claimed nonreceipt of notice); *Lopes v. Gonzales*, *supra* (holding that the Board must consider all relevant evidence, including circumstantial evidence, offered to rebut the presumption).

The Ninth Circuit has determined that where an alien actually initiated a proceeding to obtain a benefit, appeared at an earlier hearing, and had no motive to avoid the hearing, her sworn affidavit that neither she nor a responsible party residing at her address received the notice should ordinarily be sufficient to rebut the presumption of delivery and entitle her to an evidentiary hearing to consider the veracity of her allegations. *Salta v. INS*, 314 F.3d 1076, 1079 (9th Cir. 2002); *see also Sembiring v. Gonzales*, 499 F.3d 981, 988-89 (9th Cir. 2007) (finding that sufficient evidence may be presented to overcome the presumption of delivery without a sworn affidavit where notice is sent by regular mail); *Ghounem v. Ashcroft*, 378 F.3d 740, 745 (8th Cir. 2004) (concluding that the alien's sworn statement is enough to rebut the presumption of delivery created by records that the Immigration Court sent notice to the alien by regular mail where the alien had filed an affirmative application for relief, had appeared before the Immigration and Naturalization Service several times, and had nothing to gain by failing to appear at his removal hearing).

We find that when an Immigration Judge adjudicates a respondent's motion to reopen to rescind an in absentia order of removal based on a

claim that a Notice to Appear or Notice of Hearing sent by regular mail to the most recent address provided was not received, all relevant evidence submitted to overcome the weaker presumption of delivery must be considered. *See Derezinski v. Mukasey*, 516 F.3d 619, 621-22 (7th Cir. 2008) (stating that when receipt of notice is at issue, a sworn denial of having received notice makes the issue of receipt one of fact). Each case presents different facts and circumstances, and the Immigration Judge must conduct a practical evaluation of all the evidence, both circumstantial and corroborating evidence. *See Terezov v. Gonzalez*, 480 F.3d 558, 564-65 (7th Cir. 2007) (stating that all corroborating evidence submitted by an alien regarding a claim of lack of proper notice must be considered, even if it is inconclusive); *Alrefae v. Chertoff*, 471 F.3d 353, 360 (2d Cir. 2006) (holding that the Immigration Judge erred in rejecting the alien's claim of nonreceipt by failing to explain why the presumption of receipt had not been rebutted); *Maknojiya v. Gonzales*, *supra*, at 589-90 (noting that the Immigration Judge disregarded the affidavits of the alien and his counsel indicating that they did not receive the notice that reset the hearing date for an earlier date).

An inflexible and rigid application of the presumption of delivery is not appropriate when regular mail is the method of service of a Notice to Appear or Notice of Hearing. In determining whether a respondent has rebutted the weaker presumption of delivery applicable in these circumstances, an Immigration Judge may consider a variety of factors including, but not limited to, the following: (1) the respondent's affidavit; (2) affidavits from family members or other individuals who are knowledgeable about the facts relevant to whether notice was received; (3) the respondent's actions upon learning of the in absentia order, and whether due diligence was exercised in seeking to redress the situation; (4) any prior affirmative application for relief, indicating that the respondent had an incentive to appear; (5) any prior application for relief filed with the Immigration Court or any prima facie evidence in the record or the respondent's motion of statutory eligibility for relief, indicating that the respondent had an incentive to appear; (6) the respondent's previous attendance at Immigration Court hearings, if applicable; and (7) any other circumstances or evidence indicating possible nonreceipt of notice. We emphasize that these are just examples of the types of evidence that can support a motion to reopen. Immigration Judges are neither required to deny reopening if exactly such evidence is not provided nor obliged to grant a motion, even if every type of evidence is submitted. Each case must be evaluated based on its own particular circumstances and evidence.

As previously noted, when a respondent is served with a Notice to Appear, it specifically informs him of the affirmative duty under section 239(a)(1)(F) of the Act to update his address with the DHS in writing and to notify the Immigration Court immediately by filing a Form EOIR-33 whenever his

address or telephone number changes during the course of the proceedings. Once a respondent has received a Notice to Appear, he must comply with this statutory responsibility. Therefore, a respondent cannot evade delivery of a properly sent Notice of Hearing by relocating without providing the required change of address and then request reopening of in absentia proceedings on the basis of a claim that he did not receive notice. *See Sabir v. Gonzales*, 421 F.3d 456, 459 (7th Cir. 2005).

## VI. ANALYSIS

We review findings of fact by an Immigration Judge under the clearly erroneous standard of review, but we may review de novo questions of law, discretion, and judgment and all other issues in appeals from decisions of Immigration Judges. 8 C.F.R. §§ 1003.1(d)(3)(i), (ii) (2008); *see also Matter of V-K-*, 24 I&N Dec. 500 (BIA 2008); *Matter of A-S-B-*, 24 I&N Dec. 493 (BIA 2008).

In the instant case, it appears that the Immigration Judge relied on case law regarding the strong presumption of delivery that applies when notice is sent by certified mail. However, the respondent's notice was sent by regular mail. We therefore employ a weaker presumption, which we have determined is applicable in cases where notice is sent by regular mail.[3]

In his decision, the Immigration Judge referred to, but did not discount, the respondent's affidavit, in which he stated that he never received the Notice of Hearing that had rescheduled his hearing to an earlier date. The DHS also did not challenge the veracity of the statement in its opposition to the motion to reopen.

It is undisputed that the respondent affirmatively filed an application for asylum with the DHS, and he appeared for his first scheduled hearing. This establishes that the respondent initiated a proceeding to obtain a benefit and that he had no motive to miss any subsequent hearings. The respondent also provided additional undisputed statements to verify that he did not receive the notice of his last hearing, including one indicating that he had sought counsel for the February 20, 2007, hearing. Moreover, it is uncontested that the respondent immediately sought assistance from his current counsel after receiving the Immigration Judge's in absentia order of removal, and he promptly filed a motion to reopen.

---

[3] This case addresses only the issue of notice to a respondent. We do not address here cases where notice is provided to a respondent's attorney. *See Matter of Barocio*, 19 I&N Dec. 255 (BIA 1985) (holding that notice to an alien's counsel constitutes notice to the alien); 8 C.F.R. § 1292.5(a) (2008).

The relevant and undisputed evidence in this case, including the circumstantial evidence submitted by the respondent in support of his motion to reopen, indicates that he did not receive notice of the change in his hearing date. In this regard, we consider a significant factor to be the respondent's due diligence in promptly seeking to redress the situation by obtaining counsel and requesting reopening of the proceedings. We therefore find that under the standards we have set forth for reopening in absentia proceedings, the respondent has overcome the weaker presumption of delivery of the Notice of Hearing sent by regular mail. Accordingly, we conclude that the respondent's motion to reopen should be granted.

## VII. CONCLUSION

An Immigration Judge must carefully examine the specific facts and evidence provided in each case to determine whether a Notice to Appear or Notice of Hearing sent to a respondent by regular mail was properly addressed and mailed according to normal office procedures. The Immigration Judge must then determine, on a case-by-case basis, whether the respondent has presented sufficient evidence to overcome the weaker presumption of delivery that applies when service has been made by regular mail. We conclude that the evidence of record in this case is sufficient to overcome the presumption that the respondent received the Notice of Hearing sent to him by regular mail and that his removal proceedings should be reopened. Accordingly, the respondent's appeal will be sustained, and the record will be remanded to the Immigration Judge for further proceedings.

**ORDER:** The appeal is sustained.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing decision and for the entry of a new decision.