NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3081
_____

YONG-SHAO MA,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A072-495-552)
Immigration Judge:  Honorable Eugene Pugliese
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 10, 2011
Before:  RENDELL, JORDAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: March 17, 2011)
_____

OPINION
_____

PER CURIAM

        Yong-Shao Ma, a native and citizen of China, has been in removal proceedings

since 1992, when he arrived illegally in the United States.  In December 1992, Ma

received the Form-122 charging document, which informed him that he would be

required to appear for a hearing before an Immigration Judge ("IJ").  R. 27.  The notice

did not specify the hearing date or time.  Id.  Ma was later mailed a September 13, 1993 hearing notice, scheduling a hearing before the IJ on September 28, 1993.  R. 194.  Ma failed to appear and, on September 28, 1993, IJ issued an in absentia removal order.

Approximately fifteen years later,[1] after being detained, Ma moved to reopen the proceedings and to rescind the in absentia removal order pursuant to 8 C.F.R. ' 1003.23(b)(4)(iii)(B).  On December 12, 2008, the IJ issued a short, handwritten order denying the motion.  The IJ noted that Ma conceded service of the charging document and that the hearing notice was sent to the address that Ma had most recently provided (the address appearing on two pro se motions for a change of venue filed in February and March 1993, R. 29, 201).[2]  The IJ concluded that Ma provided "meager evidence in support of his motion" and did not "establish 'reasonable cause'" for the September 1993 failure to appear.  See 8 C.F.R. ' 1003.23(b)(4)(iii)(B) ("A motion to reopen exclusion hearings on the basis that the Immigration Judge improperly entered an order of exclusion in absentia must be supported by evidence that the alien had reasonable cause for his failure to appear.").  Accordingly, the IJ denied the motion.  Ma appealed and the Board of Immigration Appeals ("BIA") dismissed the appeal.

Ma presents a petition for review of the BIA's order.  We have jurisdiction

---

[1] In the intervening time, apparently in the late 1990's, Ma sought adjustment of status based upon his first marriage.  That application was rejected.  Ma's first wife died in 1998.

[2] The IJ noted in his decision that the venue change "was never granted."

2

pursuant to 8 U.S.C. § 1252(a). Review of the BIA's decision to deny the motion to reopen is under a highly deferential abuse of discretion standard. See Guo v. Ashcroft, 386 F. 3d 556, 562 (3d Cir. 2004). The discretionary decision is not disturbed unless it is found to be arbitrary, irrational, or contrary to law. See id.

We cannot conclude that the BIA's decision was arbitrary, irrational, or contrary to law. A motion to reopen seeking rescission of an in absentia removal order must be filed within 180 days of the removal order and must demonstrate "exceptional circumstances," unless it is based upon lack of notice or the individual was in custody at the time. See INA § 240(b)(5)(C)(i), (ii) [8 U.S.C. § 1229a(b)(5)(C)(i), (ii)]. Ma's motion, filed fifteen years after the in absentia removal order, was clearly not filed within 180 days, and there is no evidence that Ma was in custody at the time. Accordingly, Ma was required to establish that he did not receive notice of the September 1993 hearing. See INA § 240(b)(5)(C)(ii) [8 U.S.C. § 1229a(b)(5)(C)(ii)] (a motion to reopen based on lack of notice may be filed "at any time").

As the BIA noted, the Immigration Court mailed the September 1993 hearing notice to the address Ma provided in March 1993. Ordinary mail that is properly sent is presumed to be received by the addressee. Santana-Gonzalez v. Attorney Gen. of the United States, 506 F.3d 274, 278 (3d Cir. 2007). An individual may rebut that presumption by producing sufficient contrary evidence, such as a sworn affidavit supported by circumstantial evidence corroborating the claim of non-receipt. See id. At 280. The BIA ruled that Ma failed to present evidence sufficient to rebut the presumption

of receipt. See Matter of M-R-A-, 24 I&N Dec. 665, 674 (BIA 2008).

Among other things, the BIA took note of the fact that Ma failed to submit a personal affidavit in support of his motion and indeed, provided "no evidence of nonreceipt of the September 13, 1993, notice of hearing." Ma complains that the IJ improperly "categorically" rejected an affidavit submitted by his fiancée, Mei Huang. However, the IJ and the BIA acknowledged Huang's affidavit. Discounting the weight of the evidence in the affidavit because it was based on hearsay was not impermissible. See Kiareldeen v. Ashcroft, 273 F.3d 542, 549 (3d Cir. 2001). Furthermore, the affidavit does not rebut the presumption that Ma received notice of the hearing; it reflects only that Ma told Huang that he did not receive notice of the deportation order prior to his arrest in 2008. R. 83. In rejecting Ma's motion, the BIA also found it persuasive that Ma made no effort to learn the status of his removal proceedings during the fifteen-year period following his 1993 motion to change venue.

In short, evidence supports the conclusion that Ma did not prove that he failed to receive notice of the 1993 hearing. Accordingly, the BIA did not err in affirming the IJ's conclusion that Ma had not shown reasonable cause for his failure to appear at his hearing. (Also, despite Ma's claim to the contrary, the IJ issued a reasoned decision that addressed the pertinent issues.)

We note that Ma presents other arguments that do not relate to his receipt of the hearing notice. One argument relates to the I-122 charging document, which he undisputedly received. Ma cites the version of 8 C.F.R. § 235.6(a) that was effective at

4

the time, which, he argues, required that the I-122 notice had to be read and explained to him in a language he could understand, and that he had to be advised of his right to representation by counsel. Ma argues that because the agency did not explain in his native language the consequences of a failure to appear at a scheduled hearing, Ma's failure to appear should be excused and the proceedings should be reopened.

However, Ma's argument is unconvincing. Ma did not submit any evidence that he was unable to read or understand the I-122 charging document. The record reflects that Ma received and understood at least some of the hearing notices sent to him, because he responded to them by seeking to change venue. R. 34. Indeed, Ma's March 1993 venue motion not only demonstrates that he was aware of one of the scheduled hearings, but also reflects that Ma knew he had the right to obtain counsel, as he expressly states that he attempted to hire an attorney but could not afford one. See id. Also, he did not submit evidence to rebut the presumption that the agency complied with the regulation he cites. See Kephart v. Richardson, 505 F.2d 1085, 1090 (3d Cir. 1974) ("A presumption of regularity surrounds public officers to the extent that, in the absence of contrary evidence, a reviewing court assumes that they have properly discharged their official duties.")

We have reviewed Ma's remaining arguments and conclude that they are without merit. Accordingly, and for the reasons given above, we will deny his petition for review.