**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4163
_____

ZHANG LAN,
                              Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
                              Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A073-476-676)
Immigration Judge:  Honorable Annie S. Garcy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 1, 2012
Before:  SMITH, HARDIMAN AND ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 1, 2012)
_____

OPINION
_____

PER CURIAM

        Zhang Lan petitions for review of the Board of Immigration Appeals' ("BIA")

decision upholding the order of the Immigration Judge ("IJ") denying Zhang's motion to

reopen her immigration proceedings.  For the reasons that follow, we will deny the

petition for review.

I

Zhang Lan ("Zhang"), a citizen of China, entered the United States in 1994 using a false passport. Following an interview conducted by an immigration officer upon her arrival, Zhang received a Notice to Applicant for Admission ("Form I-122") charging her with having arrived without a valid immigrant visa. The Form I-122 informed Zhang that she would be sent a notice indicating the date and location of her immigration court hearing. A few days later, a Notice of Hearing was sent to the address listed on Zhang's Form I-122, informing her that she was scheduled for a deportation hearing in February 1995. The address to which that notice was sent was an apartment in Brooklyn, New York, and the Postal Service returned the Notice of Hearing to the immigration court marked "Attempted, Not Known." Zhang did not report for the February 1995 hearing, and the IJ ultimately ordered her excluded *in absentia* in June 1995. Zhang did not appeal that determination to the BIA.

In April 2000, Zhang, through counsel, filed a motion to reopen alleging that she never properly received notice of the deportation hearing. According to Zhang, she was in the company of other aliens from her region in China during the 1994 immigration interview, and although they understood the Mandarin interpreter, she did not, as she speaks only the Wenzhou dialect. Zhang averred that one of the other aliens present for the interview, Chen Jian Sheng, served as an intermediary between her and the Mandarin

2

interpreter, and that Chen must have provided his own address in Brooklyn, which was inadvertently listed as Zhang's address. Zhang explained that she only learned of the 1995 order of deportation when she initiated asylum proceedings with her husband in 2000. The IJ denied the motion to reopen, reasoning that there was no evidence in the record supporting her claim that a third person had acted as a translator or that anyone but Zhang had provided her address information. The IJ also noted that Zhang did nothing after receiving Form I-122 to determine when she might be scheduled for a hearing. Zhang did not appeal that decision.

In May 2010, Zhang, through new counsel, filed a second motion to reopen, again arguing that she did not receive proper notice of the 1995 deportation hearing. Zhang averred, for the first time, that she learned of the removal hearing in October 1995 when Chen Jian Sheng contacted her. She also argued that reopening was warranted based on (1) her prior attorney's ineffective assistance and (2) changed conditions in China. The IJ denied the motion to reopen, reasoning that relief was unwarranted for the same reasons given in denying the 2000 motion to reopen. The IJ also noted that Zhang had received the Form I-122, which listed the Brooklyn address, and that she could have taken steps to ensure that she would receive notice of her hearing. Finally, the IJ concluded that Zhang's ineffective assistance claim was defective for failure to comply with the procedural requirements of Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988), and that her claim of changed country conditions was meritless.

Zhang appealed, and the BIA upheld the IJ's determination, reasoning, *inter alia*, that the affidavits Zhang submitted with her 2010 motion, which explained that Zhang never lived at the Brooklyn address, were entitled to little weight, given the excessive delay in obtaining them, and that the long delays in filing both motions to reopen indicated a lack of due diligence, thereby diminishing the weight of her evidence and arguments. Accordingly, the BIA concluded that Zhang failed to demonstrate reasonable cause for failing to appear at the deportation hearing, thus precluding reopening. Finally, the BIA rejected, for the same reasons given by the IJ, Zhang's ineffective assistance and changed country conditions claims.

Zhang then filed this petition for review.

## II

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). The denial of a motion to reopen is reviewed for abuse of discretion. See Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001). As the Supreme Court has explained, the regulations "plainly disfavor" such motions. INS v. Abudu, 485 U.S. 94, 100 (1988). Thus, in order to succeed on the petition for review, Zhang must demonstrate that the agency's discretionary decision was arbitrary, irrational, or contrary to law. See Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994).

At the outset, we note that Zhang does not challenge the agency's decision to deny her motion to reopen on the grounds of ineffective assistance of counsel or changed country conditions. Those arguments are therefore deemed waived, see Laborers' Int'l

4

Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994), and the only issue before us is whether, as Zhang argues, her motion to reopen should have been granted because of defective notice.

Under the INA, when an alien "does not attend" a removal proceeding after written notice has been provided to the alien or her counsel of record, the IJ must order the alien removed *in absentia* "if the Service establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is deportable." 8 U.S.C. § 1252b(c)(1) (1996).[1] Such an order may be rescinded, however, if the alien moves to reopen at any time and demonstrates that she did not receive notice of the proceeding "in accordance with paragraph (1) or (2) of section 239(a)." 8 U.S.C. § 1229a(b)(5)(C)(ii). Paragraphs (1) and (2) of § 239(a) require that notice of the proceedings be given in person to the alien "(or, if personal service is not practicable, through service by mail to the alien . . .)." A "strong presumption [of receipt] . . . applies only when a notice from an Immigration Court . . . is sent by *certified* mail, and [] a weaker presumption of receipt applies when such a notice is sent by *regular* mail." Santana Gonzalez v. Att'y Gen., 506 F.3d, 274, 279 (3d Cir. 2007).

In Matter of M-R-A-, 24 I. & N. Dec. 665 (BIA 2008), the BIA established a set of

---

[1]  As the Government notes, because the notice of hearing was issued before the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") took effect, the pre-IIRIRA version of the INA controls in this matter. Notably, § 1252b was recodified at 8 U.S.C. § 1229a, and the relevant portion of that statute contains virtually identical language to the preceding statute. See 8 U.S.C. § 1229a(b)(5)(A).

guidelines with respect to the type of evidence the agency should consider that might rebut the presumption of receipt, including, but not limited to: (1) the alien's affidavit; (2) affidavits from family members or other individuals who are knowledgeable about the facts relevant to whether notice was received; (3) the alien's actions upon learning of the *in-absentia* order, and whether due diligence was exercised in seeking to redress the situation; (4) any prior affirmative application for relief, indicating that the alien had an incentive to appear; (5) any prior application or other prima facie evidence in the record or motion of statutory eligibility for relief, also indicating an incentive to appear; (6) the alien's previous attendance at Immigration Court hearings; and (7) any other circumstances or evidence indicating possible non-receipt of notice. See id. at 674. All relevant evidence submitted must be considered, and "[e]ach case must be evaluated based on its own particular circumstances and evidence." Id.

The BIA considered the three affidavits provided by Zhang in support of her argument that she did not receive the hearing notice, but reasonably discounted that evidence in light of the fact that Zhang had raised the same argument 10 years earlier, but did not provide supporting evidence. Accordingly, the BIA concluded that Zhang had failed to rebut the presumption of receipt or demonstrate reasonable cause for failing to appear at the 1995 hearing. Given the long delays and limited supporting evidence in this matter, as well as the Form I-122, which includes the Brooklyn address and Zhang's validating fingerprint, we are not persuaded that the BIA acted arbitrarily, irrationally, or

6

contrary to the law.  We have considered the other arguments Zhang raises in her brief, and conclude that they do not warrant further discussion.

Accordingly, we will deny the petition for review.