**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IVAN SIMON CASTELLON-CHAVEZ, | No.   15-71617 |
| Petitioner, | Agency No. A205-412-447 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2016[**]

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Ivan Simon Castellon-Chavez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's order denying his motion to reopen removal proceedings

conducted in absentia.  We have jurisdiction under 8 U.S.C. § 1252.  We review

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

for abuse of discretion the denial of a motion to reopen, and review de novo questions of law. *Sembiring v. Gonzales*, 499 F.3d 981, 985 (9th Cir. 2007). We deny the petition for review.

The agency did not abuse its discretion in denying Castellon-Chavez's motion to reopen where the hearing notice was sent by regular mail to the address last provided to the immigration court, and he failed to rebut the presumption of effective service. *See id.* at 986-88 (describing evidence relevant to overcome presumption of effective service sent by regular mail); *see also Matter of M-R-A-*, 24 I. & N. Dec. 665, 674 (BIA 2008) (listing affirmative relief applications and diligence among the factors for consideration in determining whether an alien has rebutted the weaker presumption of delivery).

Castellon-Chavez's contention that the agency applied an incorrect legal standard is not supported by the record. Accordingly, his due process claim fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**