# United States Court of Appeals
# for the Fifth Circuit

No. 20-60538
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 19, 2021

Lyle W. Cayce
Clerk

Eulalia Marlene Juca-Juca,

*Petitioner*,

*versus*

Jeffrey A. Rosen, *Acting U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 276 321

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.
Per Curiam:[*]

Eulalia Marlene Juca-Juca is a native and citizen of Ecuador who arrived in this country in April 2000 and was served with a notice to appear (NTA) that same day. The Immigration and Nationalization Service INS sent a copy of her notice of hearing to the address she provided, but she did

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60538

not appear at her hearing and was ordered removed in absentia in December 2000. An immigration judge (IJ) denied the motion to reopen she filed in 2018, and the Board of Immigration Appeals (BIA) affirmed this denial and then denied her motion to reconsider. Now, she petitions this court for review of the denial of her motion to reconsider.

This court applies a "highly deferential abuse-of-discretion standard" to the BIA's denial of a motion to reconsider. *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). Under this standard, the BIA's decision will be reversed only if it is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* This court may consider the IJ's decision only to the extent it influenced that of the BIA. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). Juca-Juca has not met these standards. Instead, review of the record and pertinent authority supports the BIA's decision. *See Matter of M-R-A-*, 24 I. & N. Dec. 665, 673 (BIA 2008); *Navarrete-Lopez v. Barr*, 919 F.3d 951, (5th Cir.), *cert. denied*, 140 S. Ct. 228 (2019).

The BIA's holding that Juca-Juca did not rebut the weaker presumption of receipt afforded to her mailed notice of hearing was reasonable. Although Juca-Juca vociferously insists that she is entitled to relief because the notice of hearing was not sent "c/o," she cites nothing to support her proposition that this factor is relevant. Her argument that her due process rights were infringed because the I-830 had no certificate of service fails because it is not directed at the denial of her motion to reconsider, which is the only decision that is before this court. Instead, she specifically argues that her due process rights were implicated by the IJ's acceptance of the I-830. Because the IJ's decision is not before this court, this argument is misplaced and does not show entitlement to relief. *See Zhu*, 493 F.3d at 593.

2

There is no indication that the challenged decision was "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *See Zhao*, 404 F.3d at 304. Consequently, the petition for review is DENIED.