**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2291
_____

EDIN DONELSY MADRID-MANCIA,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA
_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
(Agency Case No. A206-643-376)
Immigration Judge: David Cheng
_____

On Remand from the Supreme Court of the United States
on June 24, 2024
Submitted on Remand July 26, 2024

Before: HARDIMAN, KRAUSE, and MATEY, *Circuit Judges*.

(Filed: January 2, 2025)
_____

OPINION*
_____

_____

*This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

This case returns to us for reconsideration in light of *Campos-Chaves v. Garland*, 144 S. Ct. 1637 (2024), so we again address Edin Donelsy Madrid-Mancia's petition for review of the denial of her motion to reopen proceedings and to rescind the Immigration Judge's in absentia removal order. Because the Board of Immigration Appeals erred in failing to weigh Madrid-Mancia's evidence of non-receipt and was laboring at the time under the mistaken belief that Madrid-Mancia had failed in her obligations under 8 U.S.C. § 1229a(b)(5)(B), we will grant the petition.

## I. BACKGROUND

When we originally considered this case, we were presented with two preserved issues for review: (1) whether Madrid-Mancia failed to provide ICE with an address at which she may be contacted, excusing the Attorney General's notice obligations in accordance with 8 U.S.C. § 1229a(b)(5)(B), and if not, whether the Notice of Hearing that followed the defective Notice to Appear was sufficient under 8 U.S.C. § 1229a(b)(5)(A); and (2) if the Notice of Hearing sufficed, whether Madrid-Mancia had rebutted the presumption that it was delivered to her. *See Madrid-Mancia v. Att'y Gen.*, 72 F.4th 508, 514 n.6, 516 (3d Cir. 2023), *cert. granted, judgment vacated sub nom. Garland v. Madrid-Mancia*, 144 S. Ct. 2677 (2024).

At that time, we granted relief on the first ground, explaining that the BIA erred in holding that the requirement for notice was excused by Madrid-Mancia's failure to provide "an address . . . at which [she] may be contacted" because designating her cousin's home as her mailing address satisfied that obligation. *Id.* at 520 (quoting 8

2

U.S.C. § 1229(a)(1)(F)(i)). We also explained that the mailing of a "Notice of Hearing" did not cure the defective NTA or satisfy 8 U.S.C. § 1229a(b)(5)(A)'s notice requirements. *Id.* at 516, 519–20. As "[o]ur decision on the first issue [was] sufficient to resolve this petition," we had no need to reach the second. *Id.* at 514 n.6.

On remand, that is no longer the case, as *Campos-Chavez* held that a subsequent Notice of Hearing, on its own, satisfies § 1229a(b)(5)(A) and can defeat recission under § 1229a(b)(5)(C)(ii). *See* 144 S. Ct. at 1643, 1647–48. Thus, we now reach Madrid-Mancia's second argument and consider whether the BIA erred in holding that she failed to rebut the presumption of delivery.

## II.    DISCUSSION[1]

In evaluating whether a respondent has rebutted the presumption of delivery via mail, the BIA must consider "all relevant evidence submitted," *Matter of M-R-A-*, 24 I. & N. Dec. 665, 674 (BIA 2008), including the respondent's actions after learning of the order and her diligence in seeking to redress the situation, which the BIA has characterized as a "significant factor," *id.* at 676. Here, the BIA recognized that, because the Attorney General sent Madrid-Mancia's notice by regular mail and not certified mail, the presumption of delivery was relatively weak. A.R. 3 (citing *Matter of M-R-A-*, 24 I. & N. Dec. at 665); *see also Santana Gonzalez v. Att'y Gen.*, 506 F.3d 274, 279 (3d Cir.

---

[1] The BIA had jurisdiction under 8 C.F.R. § 1003.1(b)(3), and we have jurisdiction under 8 U.S.C. § 1252(a). We review legal conclusions de novo and factual findings for substantial evidence. *Darby v. Att'y Gen.*, 1 F.4th 151, 159 (3d Cir. 2021). We review the agency's denial of a motion to reopen for an abuse of discretion. *Id.*

3

2007). But the BIA erred in two respects when considering whether that weak presumption was rebutted.

First, neither the BIA's opinion, nor the IJ's opinion on which it relied, evaluated the full range of Madrid-Mancia's evidence of non-receipt, even though the BIA's own precedent required it do so. *See Matter of M-R-A-*, 24 I. & N. Dec. at 674. And as we explained in *Santana Gonzalez*, "submission of an affidavit by an alien claiming non-receipt" with "circumstantial evidence corroborating the alien's claims of non-receipt" is "ordinarily [] sufficient to raise a factual issue requiring an evidentiary hearing before the IJ." 506 F.3d at 280. There, we concluded that the evidence—petitioner's affidavit asserting non-receipt; her lack of "motive to avoid the scheduled hearing" and how "[s]he had little to gain by failing to appear"; her incentive to appear given the prospect of statutory relief from removal; her attempt "to acquaint the DHS with her change of address"; her voluntary appearance in subsequent proceedings; and her "affirmative action to have her counsel inquire" and move to reopen—sufficed for us to "remand to the BIA, with directions to reopen the *in absentia* order of removal." *Id.* at 280–81.

Madrid-Mancia has presented similar evidence of non-receipt. Like Santana Gonzalez, she submitted her own affidavit. And as attested in that document, she provided ICE with her then-current address at 307 Ashmore Avenue when she was presented the original NTA in April 2014; she went to the Mt. Laurel ICE office within one month of moving to a new address to update her address and was told she was not in their system; between 2014 and October 2019, she checked for mail every three days at the 307 Ashmore house and did not receive any mailing from the Immigration Court;

4

when she received an ICE letter sent to the 307 Ashmore house in October 2019 requesting her appearance on November 4, 2019, she voluntarily presented herself and learned for the first time that an in absentia removal order had been issued in August 2017; she promptly retained counsel who moved to reopen the case in February 2020; and when the IJ denied relief, she promptly appealed to the BIA.

Also like Santana Gonzalez, Madrid-Mancia had little to gain and much to lose in failing to appear, particularly given her intent to petition for relief; she too attempted to update her residential address with ICE, only to be told it was not possible; and she too voluntarily appeared and promptly sought to redress the situation. Within weeks, she retained counsel, who took affirmative action to inquire after her case files in January 2020, and, in February 2020, moved to reopen proceedings. Substantially similar evidence persuaded us to vacate and remand in *Santana Gonzalez*. *Id.* at 281; *see also Matter of M-R-A-*, 24 I. & N. Dec. at 674, 676 (holding that "respondent's actions upon learning of the in absentia order" is a relevant factor, and that "obtaining counsel and requesting reopening" is "significant"). Here, where the BIA and IJ declined even to acknowledge Madrid-Mancia's evidence of due diligence, we will take the same course.

Our second concern with the BIA's opinion is that when it concluded Madrid-Mancia had not rebutted the presumption of delivery, it was laboring under a misapprehension of the law concerning the requirements of 8 U.S.C. § 1229a(b)(5)(B). Specifically, the BIA expressed the view that Madrid-Mancia had failed to comply with § 1229a(b)(5)(B) by "mov[ing] to a new address and never submitt[ing] a change of address" form. A.R. 4. It also asserted that she was "on actual notice . . . of the

5

obligation to keep the Immigration Court informed of any changes of address, and of the consequences for failure to do so," and explained its refusal to disturb the in absentia removal as one of "[t]he consequences for failing to follow the address notification requirements [that] are outlined in section 240(b)(5)(B) of the Act." *Id.* (citing 8 U.S.C. § 1229a(b)(5)(B)).

This was legal error. As we explained in our prior opinion, § 1229a(b)(5)(B) does not require that a current *residential* address be on file, as the BIA's analysis assumed. *Madrid-Mancia*, 72 F.4th at 520; *see also Renaut v. Lynch*, 791 F.3d 163, 168 (1st Cir. 2015). Rather, it requires provision of "an address . . . at which the alien may be contacted respecting proceedings." 8 U.S.C. § 1229(a)(1)(F)(i). And "'[a]n address' where the alien 'may be contacted' means just that: a place where a person can be contacted. The alien's current residential address. Or her cousin's. Or a PO box. So long as that address exists, it is sufficient." *Madrid-Mancia*, 72 F.4th at 520. Madrid-Mancia provided such an address, so to the extent that the BIA may have declined reopening based on the belief that she did not, it was mistaken.

## III.  CONCLUSION[2]

For the foregoing reasons, we will grant Madrid-Mancia's petition for review and remand to the BIA for proceedings consistent with this opinion.

---

[2] Judge Matey would deny the petition because he reads the record to contain insufficient corroboration of Madrid Mancia's affidavit to direct reopening of the proceedings, or the lesser remedy of an evidentiary hearing. Nor is the BIA's misinterpretation of § 1229a(b)(5)(B) significant because it was not central to the agency's decision.