**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 31 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ELISABETH REYES QUINTANILLA, | No. 21-635 |
| Petitioner, | Agency No. A088-521-288 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 26, 2025[**]
Pasadena, California

Before: BOGGS[***], FRIEDLAND, and BRESS, Circuit Judges.

Elisabeth Reyes Quintanilla, a native and citizen of Honduras, petitions for

review of a decision by the Board of Immigration Appeals ("BIA"), affirming the

denial by an immigration judge ("IJ") of her motion to reopen removal proceedings

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]  The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

to seek recission of her *in absentia* removal order. We have jurisdiction under 8 U.S.C. § 1252. "Where, as here, the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994) and adds its own analysis to the IJ's, we review both Agency decisions," *Aleman-Belloso v. Garland*, 121 F.4th 1165, 1173 (9th Cir. 2024), and we refer to the BIA and the IJ collectively as "the agency." We review the denial of a motion to reopen for abuse of discretion. *See Montejo-Gonzalez v. Garland*, 119 F.4th 651, 654 (9th Cir. 2024). The agency abuses its discretion "when it acts arbitrarily, irrationally, or contrary to the law, and when it fails to provide a reasoned explanation for its actions." *Id.* (quoting *Hernandez-Galand v. Garland*, 996 F.3d 1030, 1034 (9th Cir. 2021)).

The agency did not abuse its discretion in denying Reyes Quintanilla's motion to reopen based on lack of notice. "[T]he presumption of delivery attached to service by regular mail is rebuttable." *Perez-Portillo v. Garland*, 56 F.4th 788, 794 (9th Cir. 2022). The BIA has outlined the following non-exhaustive list of factors that an IJ may consider when determining if the presumption has been overcome:

> (1) the respondent's affidavit; (2) affidavits from family members or other individuals who are knowledgeable about the facts relevant to whether notice was received; (3) the respondent's actions upon learning of the in absentia order, and whether due diligence was exercised in seeking to redress the situation; (4) any prior affirmative application for relief, indicating that the respondent had an incentive to appear; (5) any prior application for relief filed with the Immigration Court or any prima facie evidence in the record or the respondent's motion of statutory eligibility for

relief, indicating that the respondent had an incentive to appear; (6) the respondent's previous attendance at Immigration Court hearings, if applicable; and (7) any other circumstances or evidence indicating possible nonreceipt of notice.

*Id.* (quoting *Matter of M-R-A-*, 24 I. & N. Dec. 665, 674 (B.I.A. 2008)); *see also Sembiring v. Gonzales*, 499 F.3d 981, 988 (9th Cir. 2007) ("The test for whether an alien has produced sufficient evidence to overcome the presumption of effective service by regular mail is practical and commonsensical rather than rigidly formulaic.").

Here, Reyes Quintanilla does not challenge the agency's findings that she "was personally served with the Notice to Appear (Form I-862)," and was therefore informed of her obligation to keep her address current, and that "the hearing notice was properly addressed to her last address of record and was not returned as undeliverable." The agency also noted that Reyes Quintanilla did not submit a "statement from the 'adult sponsor' with whom she resided at the last address of record denying receipt of the hearing notice" and "had not filed for any form of relief from removal prior to being ordered removed in absentia." Given those unchallenged findings, the agency did not abuse its discretion in concluding that Reyes Quintanilla did not overcome the presumption of notice.

Reyes Quintanilla argues that the agency failed to consider her affidavit, which she asserts establishes that she did not receive the notice and "had no intention of evading any immigration court appearances." But the IJ considered

her unsworn statement and found it insufficient because it did not state that Reyes Quintanilla or her adult sponsor properly updated her address and because Reyes Quintanilla did not include an affidavit from her adult sponsor denying receipt. The agency's conclusion was not an abuse of discretion.

**PETITION DENIED**.