NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 31 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EMRAH GOCEKLI,<br><br>    Petitioner,<br><br> v.<br><br>PAMELA BONDI, Attorney General,<br><br>    Respondent. | No. 21-1307<br><br>Agency No. A208-948-336<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 27, 2025[**]
Pasadena, California

Before: BOGGS,[***] FRIEDLAND, and BRESS, Circuit Judges.

 Emrah Gocekli, a native and citizen of Turkey, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the denial by an immigration judge ("IJ") of his motion to reopen removal proceedings to seek

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

 [***] The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

recission of his in absentia removal order. Where the BIA issues its own decision, while relying in part on the IJ's reasoning, we review both decisions. *See Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). Questions of law are reviewed *de novo*, *Marmolejo-Campos v. Holder*, 558 F.3d 903, 908 (9th Cir. 2009) (en banc), as are due-process challenges to immigration decisions, *Ramirez-Alejandre v. Ashcroft*, 319 F.3d 365, 377 (9th Cir. 2003) (en banc). We review the denial of a motion to reopen for abuse of discretion. *See Montejo-Gonzalez v. Garland*, 119 F.4th 651, 654 (9th Cir. 2024). The agency abuses its discretion "when it acts arbitrarily, irrationally, or contrary to the law, and when it fails to provide a reasoned explanation for its actions." *Id.* (quoting *Hernandez-Galand v. Garland*, 996 F.3d 1030, 1034 (9th Cir. 2021)). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

Written notice is required when an alien is placed in removal proceedings and that notice can take two forms: an initial Notice to Appear (NTA) and, if needed, a Notice of Hearing (NOH) listing a new time and place of a hearing. *Campos-Chaves v. Garland*, 602 U.S. 447, 451 (2024); 8 U.S.C. § 1229(a)(1), (2). A noncitizen must demonstrate that he "did not receive" notice for the hearing that he missed in order to rescind his in absentia removal order. *Campos-Chaves*, 602 U.S. at 457. When a NOH is sent by regular mail and properly addressed, a rebuttable presumption of receipt applies. *Perez-Portillo v. Garland*, 56 F.4th 788, 793 (9th Cir. 2022). Factors

to consider in determining whether an individual produced enough evidence to overcome the presumption of service include averments in an affidavit; averments from family members; the individual's due diligence in seeking redress upon learning of the in absentia order; an incentive to appear based on applications for relief or prima facie eligibility for relief; attendance at previous hearings; and any other circumstances suggesting nonreceipt. *Id*. at 794 (citing *Matter of M-R-A-,* 24 I & N Dec. 665, 674 (BIA 2008)).

After receiving an NTA and being detained in August 2018, Gocekli had appeared by video conference before an IJ on three separate occasions. He claimed that he was a United States citizen. At his third hearing on December 7, 2018, the IJ verbally told Gocekli that his case was continued to December 31, for determination of Gocekli's removability. The NOH was mailed to Gocekli at the detention center the same day (December 7) and was not returned undeliverable. On December 14, Gocekli escaped from the detention facility despite considerable security measures there. On December 31, the IJ ordered Gocekli removed in absentia. Over two years later, in 2021, Gocekli was apprehended by U.S. Marshals, at which time he filed a motion to reopen and then a motion to reconsider. Both motions were denied by the IJ.

The BIA did not abuse its discretion in holding that Gocekli was removable based on evidence in the record and holding that he did not meet his burden of

establishing insufficient notice of the December 31, 2018 hearing. 8 U.S.C. § 1229(a). On December 7, the IJ sent the NOH by regular mail addressed to Gocekli at the detention facility. This was his last address on file with the immigration court and was the location from which he had attended all previous removal hearings via video conference. 8 U.S.C. § 1229(a)(1)(F)(ii). Further, the BIA reviewed the digital audio recording of the December 7 hearing and confirmed that the IJ gave "verbal instruction" to Gocekli that his removal hearing would be in "a few weeks" on "December 31." The BIA noted that during the hearing Gocekli was actively engaged and showed no difficulty understanding the IJ. It was only after the December 7 hearing and mailing of the NOH that Gocekli tried and succeeded in escaping detention on December 14. Gocekli, who presented no other evidence, failed to overcome the presumption of service, and the BIA did not abuse its discretion in so finding.

Additionally, when Gocekli "moved"—escaped from detention—he was obliged to submit an address change with the immigration court of his location as a fugitive, but he did not. 8 U.S.C.§ 1229(a)(1)(F). No written notice is required to proceed with an in absentia hearing if a noncitizen has failed to provide his most recent address. 8 U.S.C. § 1229a(b)(5)(B). Further, the BIA did not abuse its discretion in finding Gocekli's due-process argument (that he would have shown up at the hearing if only he had known the consequences) "irrational" because it

4

completely ignored the fact that he had escaped from detention. The BIA also noted that the IJ had continued the hearing to December 31 to give Gocekli time to find new counsel and had verbally informed Gocekli that he would be able to file for relief if he was found removable. Thus, the BIA did not abuse its discretion in finding that Gocekli's due-process rights were not violated.

**PETITION FOR REVIEW DENIED**.