[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13607
Non-Argument Calendar
_____

Agency No. A096-566-905


ALVIN WINSTON DAVY,

                                                                    Petitioner,

versus

US ATTORNEY GENERAL,

                                                                    Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(March 13, 2013)

Before CARNES, HULL, and JORDAN, Circuit Judges.

PER CURIAM:

Alvin Winston Davy, a native and citizen of Jamaica, has filed a petition for review of the Board of Immigration Appeals' order affirming the denial of his motion to reopen an in absentia removal order.

After Davy and his counsel failed to appear at Davy's removal hearing, the immigration judge ordered Davy removed in absentia based on the charges contained in the notice to appear and the government's submission of documentary evidence supporting those charges. Over a year later, Davy moved to stay his removal and to reopen the removal proceedings, arguing that he had not received notice of the removal hearing and that his counsel had given him ineffective assistance.[1] The immigration judge denied his motion, finding that notice to counsel constituted notice to Davy and that Davy had not exercised due diligence in establishing a proper basis for his failure to appear.

Davy appealed that decision to the Board of Immigration Appeals, arguing that the evidence he presented was sufficient to overcome the weak presumption that notice sent by regular mail to him and his counsel was actually received. He also submitted, for the first time, an affidavit of his former attorney stating that she had not received notice of the hearing. The BIA refused to consider the affidavit because it was presented for the first time on appeal and Davy failed to show that

---

[1] Although Davy raised an ineffective assistance contention in his motion to reopen and his appeal to the BIA, he has failed to make that argument to this Court, so it is abandoned. See Sepulveda v. United States Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

2

he could not have gotten the affidavit sooner. The BIA found that Davy had not fulfilled his obligation to report his change of address. The BIA also found that notice had been mailed to Davy's counsel and observed that notice to counsel serves as notice to the client. Davy has petitioned for review of that decision.

## I.

"Motions to reopen are disfavored, especially in a removal proceeding, where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (quotation marks omitted). We review the BIA's denial of a motion to reopen only for an abuse of discretion. Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005). We are limited to "determining whether the BIA exercised its discretion in an arbitrary or capricious manner." Zhang v. U.S. Att'y Gen., 572 F.3d 1316, 1319 (11th Cir. 2009).

In his briefs to this Court, Davy concedes that notice to his counsel serves as notice to him, but he contends that the BIA failed to consider evidence that his counsel did not receive notice. He argues that the BIA abused its discretion by failing to follow the procedure set forth in Matter of M-R-A-, 24 I.&N. Dec. 665 (BIA 2008), for determining whether notice that was mailed may be presumed to have been received.

The BIA presumes receipt of a hearing notice sent by regular mail if "the notice was properly addressed and mailed according to normal office procedures." Matter of M-R-A-, 24 I.&N. Dec. at 673.  However, this presumption is weaker than when the notice is sent by certified mail.  Id.  In evaluating whether an alien has rebutted the presumption of receipt by regular mail, the IJ must consider "all relevant evidence submitted to overcome the weaker presumption of delivery" and "may consider a variety of factors," including:

> (1) the respondent's affidavit; (2) affidavits from family members or other individuals who are knowledgeable about the facts relevant to whether notice was received; (3) the respondent's actions upon learning of the in absentia order, and whether due diligence was exercised in seeking to redress the situation; (4) any prior affirmative application for relief, indicating that the respondent had an incentive to appear; (5) any prior application for relief filed with the Immigration Court or any prima facie evidence in the record or the respondent's motion of statutory eligibility for relief, indicating that the respondent had an incentive to appear; (6) the respondent's previous attendance at Immigration Court hearings, if applicable; and (7) any other circumstances or evidence indicating possible nonreceipt of notice.

Id. at 674.

## II.

Davy first contends that there was no evidence in the record showing that notice of the hearing was sent to his counsel.  That argument fails because the administrative record contains a copy of the hearing notice with the initials of an immigration court employee indicating that the notice was mailed to Davy's

4

counsel following normal office procedures to the address she provided to the immigration court.[2]

Davy next argues that the BIA abused its discretion by arbitrarily refusing to consider evidence that his counsel did not actually receive notice of the removal hearing. Davy points to four pieces of evidence that the BIA allegedly failed to consider: his attorney's affidavit stating that she did not receive the notice, evidence that his attorney moved to withdraw as counsel six months after the removal order was issued against him, evidence that he had attended all of his previous hearings, and evidence that he might have been eligible for voluntary departure. We will consider each of these in turn.

Davy's assertion that the BIA should have considered the affidavit from his attorney is incorrect. He presented that affidavit for the first time on appeal to the BIA. Because the BIA is a forum for appeals, it generally does not consider evidence presented to it for the first time. Matter of Fedorenko, 19 I.&N. Dec. 57, 74 (BIA 1984) ("The Board is an appellate body whose function is to review, not to create, a record."); see also 8 C.F.R. § 1003.1(d)(3)(iv). It was therefore not an abuse of discretion for the BIA to decline to consider the affidavit from Davy's attorney.

---

[2] Davy also argues that there was no evidence that the notice was mailed to him. He is correct that the notation on the notice indicates only that it was mailed to his counsel, but, because he concedes that notice to his counsel serves as notice to him, that argument also fails.

5

Davy incorrectly asserts that the BIA did not consider evidence that his attorney withdrew or that he attended all five previous hearings in his removal proceedings.  In fact, the BIA noted and accepted both of those facts in the procedural history section of its decision.  It also treated the fact that Davy and his attorney had attended a previous hearing as evidence that Davy's attorney did receive notice of the hearing: "[T]he record does not reflect that the . . . hearing notice mailed to [Davy's attorney] . . . was returned as undeliverable and this notice was mailed 1 month after both she and the respondent had appeared for [an earlier hearing]."  The notices for both hearings—the one Davy's attorney did attend and the one she did not—were mailed to her at the same address.

Davy is correct that the BIA did not explicitly address evidence that he might have been able to apply for voluntary departure and so had an incentive to appear at the removal hearing.  But the BIA is not required to specifically address every factual assertion made by the parties; it must "consider the issues raised and announce [its] decision in terms sufficient to enable a reviewing court to perceive that [it has] heard and thought and not merely reacted." Ayala v. U.S. Att'y Gen., 605 F.3d 941, 948 (11th Cir. 2010) (brackets omitted).  Although the BIA did not explain why each and every piece of evidence Davy offered or factual assertion he made was insufficient to overcome the presumption that the mailed notice was received, the decision is sufficient to show that the BIA considered the evidence

6

before it and did not merely react.  Davy has not shown that the BIA arbitrarily declined to consider any of the evidence he offered in an attempt to show that his attorney did not receive notice of the removal hearing.

**PETITION DENIED.**