# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 26, 2013

No. 12-60571
Summary Calendar

Lyle W. Cayce
Clerk

JOAN RICHARDSON,

Petitioner

v.

ERIC HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A046 031 578

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Joan Richardson, a native and citizen of Trinidad and Tobago, petitions this court for review of an order by a single-member panel of the Board of Immigration Appeals (BIA) dismissing her appeal of an immigration judge's order denying her motion to reopen removal proceedings. She contends that she did not receive notice of proceedings that resulted in an in absentia removal order in 2001. She argues that affidavits from her and her sister overcame the slight presumption that notice was delivered to her address of record. *See*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Matter of M-R-A-*, 24 I. & N. Dec. 665, 672-73 (BIA 2008) (holding that there is a slight presumption of delivery where notice is sent by regular mail). We review the BIA's decision under highly deferential abuse of discretion standard. *See Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

The precise factual findings and legal rationale for the BIA's decision are somewhat nebulous. Nonetheless, discrepancies between Richardson's allegations and the record undermine the veracity of her claims of non-receipt. Moreover, she showed no diligence in seeking to reopen the proceedings where she had undisputed actual notice of the removal order for more than three years and constructive notice for 10 years, by virtue of a certified letter successfully delivered to her address of record. *See Matter of M-R-A-*, 24 I. & N. Dec. 665, 674 (BIA 2008); *Matter of G-Y-R-*, 23 I. & N. Dec. 181, 189 (BIA 2001). We therefore cannot say that the BIA's implicit disbelief of Richardson and its consequent dismissal of her appeal were "capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Gomez-Palacios*, 560 F.3d at 358. The petition for review is DENIED.