[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14322
Non-Argument Calendar
_____

Agency No. A088-959-664

NATOYA ROSSWEST,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 23, 2014)

Before WILSON, ROSENBAUM and FAY, Circuit Judges.

PER CURIAM:

Natoya Rosswest, a native and citizen of Jamaica, seeks review of the final

order of the Board of Immigration Appeals ("BIA") dismissing her appeal of the

denial of her motion to reopen removal proceedings and to rescind her in absentia removal order. We deny the petition for review.

## I. BACKGROUND

Rosswest was admitted to the United States in 2002 as a non-immigrant visitor with authorization to remain for an unspecified time. In 2006, with the assistance of her former attorney, Wayne Levine, she sought to have her status adjusted to lawful permanent resident, based on her sham marriage to United States citizen Ernest Caster. In her application for adjustment of status, she provided her address as 6286 Pinestead Drive, Apartment #115, Lake Worth, Florida, 33463 ("the Pinestead address"). Caster also filed an I-130 petition on Rosswest's behalf. Rosswest represents Levine did not appear for the scheduled interview with the United States Citizenship and Immigration Services ("USCIS") in August 2007. During the interview, Caster withdrew his I-130 petition and told USCIS officials he had married Rosswest to help her become a United States citizen.

Thereafter, in June 2009, USCIS sent Rosswest a Notice to Appear ("NTA"), via regular mail to the Pinestead address. The NTA charged her as removable under Immigration and Nationality Act ("INA") § 237(a)(1)(A), 8 U.S.C. § 1227(a)(1)(A), as an alien who sought to procure lawful permanent residency by fraud or by willfully misrepresenting a material fact, and under INA § 237(a)(1)(G)(ii), 8 U.S.C. § 1227(a)(1)(G)(ii), as an alien who failed or refused

2

to fulfill her marital agreement, which was made for the purpose of procuring her admission as an immigrant. The NTA ordered her to appear before an immigration judge ("IJ") in Miami, Florida and stated she had a duty to notify the immigration court immediately of any address change. USCIS also sent Levine a courtesy copy of the NTA.

On September 9, 2009, the Miami immigration court sent Rosswest, via regular mail to the Pinestead address, a Notice of Hearing. The Notice of Hearing informed Rosswest of her master calendar hearing, to be held at 9:00 a.m. on January 6, 2010, in Miami. Rosswest failed to appear, and the IJ ordered her removed to Jamaica in absentia. The immigration court mailed a copy of the in absentia removal order to Rosswest at the Pinestead address.

In September 2011, Rosswest, represented by new counsel, moved to reopen removal proceedings and to rescind the in absentia removal order. In the motion, she argued her previous attorney, Levine, had rendered ineffective assistance by failing to appear at the scheduled I-130 interview in August 2007 and by failing to inform her of removal proceedings in 2009. She further asserted she had moved to Maryland in August 2009 and had not received any notices from the immigration court.

Additionally, Rosswest had since married another United States citizen and had given birth to a United States citizen daughter. She argued her removal would

3

result in extreme emotional, psychological, and financial hardship to her spouse and child.  In support, Rosswest attached her sworn affidavit, a letter she had submitted to the Grievance Committee of the Florida Bar complaining of Levine's representation, and other documents pertaining to her past and current marriages to United States citizens.  Almost three months later, the United States Department of Homeland Security ("DHS") filed a response in opposition to Rosswest's motion to reopen and argued notice of removal proceedings had been given properly.

On February 29, 2012, the IJ denied Rosswest's motion to reopen.  Rosswest appealed to the BIA.  On appeal, she argued she had not attended the removal hearing because of exceptional circumstances and lack of notice.  She also argued the IJ had violated her due process rights by holding the removal hearing in her absence and reopening was warranted because of other factors, such as her eligibility for adjustment of status.

On August 22, 2013, the BIA dismissed the appeal.  The BIA found that the NTA and Notice of Hearing had been mailed to Rosswest at her last known address.  Furthermore, the NTA had been mailed to the Pinestead address in June 2009, before Rosswest moved to Maryland in August 2009.  In addition, the NTA, Notice of Hearing, and in absentia removal order had had not been returned by the United States Postal Service as undeliverable.

4

Noting Rosswest had been pro se in her removal proceedings, the BIA concluded Levine had no duty to inform her of the removal hearing. Because Rosswest was pro se, the NTA and Notice of Hearing properly had been mailed directly to her. Moreover, notice had not been required, because Rosswest had failed to provide a change of address to the immigration court after she moved to Maryland in August 2009.

Because the BIA concluded Rosswest had received the notice required by the INA, it declined to consider her arguments regarding ineffective assistance of counsel and eligibility for adjustment of status based upon her marriage to a United States citizen. The BIA also declined to consider affidavits and evidence presented on appeal that had not been presented first to the IJ.

## II. DISCUSSION

A. Lack of Notice and Exceptional Circumstances

On appeal, Rosswest argues rescission of the in absentia removal order is warranted, because she lacked actual notice of the removal proceedings and because extraordinary circumstances, the ineffective assistance of counsel by Levine, had prevented her from attending her removal hearing. We review only the BIA's decision, except to the extent the BIA expressly adopts the IJ's decision or reasoning. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). We

5

review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006) (per curiam).

Any alien who does not attend a removal proceeding after written notice has been provided is subject to removal in absentia if the government establishes by "clear, unequivocal, and convincing evidence" that it gave written notice, and the alien was removable. INA § 240(b)(5)(A), 8 U.S.C. § 1229a(b)(5)(A). A mailing to the last known address is sufficient to satisfy the government's duty to provide an alien with notice of a deportation proceeding. *Dominguez v. U.S. Att'y Gen.*, 284 F.3d 1258, 1260 (11th Cir. 2002) (per curiam).

An alien may seek rescission of an in absentia removal order by filing a motion to reopen at any time, if the alien demonstrates she did not receive proper notice of the removal proceedings. INA § 240(b)(5)(C)(ii), 8 U.S.C. § 1229a(b)(5)(C)(ii). The BIA presumes receipt of an NTA or Notice of Hearing sent by regular mail if "the notice was properly addressed and mailed according to normal office procedures." *Matter of M-R-A-*, 24 I. & N. Dec. 665, 673 (BIA 2008). In evaluating whether an alien has rebutted the presumption of receipt by mail, the BIA is to consider all relevant evidence, including:

> (1) the respondent's affidavit; (2) affidavits from family members or other individuals who are knowledgeable about the facts relevant to whether notice was received; (3) the respondent's actions upon learning of the in absentia order, and whether due diligence was exercised in seeking to redress the situation; (4) any prior affirmative application for relief, indicating that the respondent had an incentive

6

to appear; (5) any prior application for relief filed with the Immigration Court or any prima facie evidence in the record or the respondent's motion of statutory eligibility for relief, indicating that the respondent had an incentive to appear; (6) the respondent's previous attendance at Immigration Court hearings, if applicable; and (7) any other circumstances or evidence indicating possible nonreceipt of notice.

*Id.* at 674. Although the BIA must consider all relevant evidence, it "will not engage in factfinding in the course of deciding appeals." 8 C.F.R. § 1003.1(d)(3)(iv).

An NTA must warn an alien of her obligation to immediately provide "a written record of any change of the alien's address or telephone number." INA § 240(a)(1)(F)(ii), 8 U.S.C. § 1229(a)(1)(F)(ii). If an alien does not fulfill her duty to report her address change, notice of the hearing is not required. INA § 240(b)(5)(B), 8 U.S.C. § 1229a(b)(5)(B).

An alien also may seek rescission of an in absentia removal order by filing a motion to reopen within 180 days after the entry of the order, if the alien demonstrates exceptional circumstances justified her failure to appear. INA § 240(b)(5)(C), 8 U.S.C. § 1229a(b)(5)(C). "Exceptional circumstances" is defined by statute as "circumstances (such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien." INA § 240(e)(1), 8 U.S.C.

7

§ 1229a(e)(1).  An attorney's ineffective assistance can constitute "exceptional circumstances."  *Montana Cisneros v. U.S. Att'y Gen.*, 514 F.3d 1224, 1226 (11th Cir. 2008).  For ineffective assistance to serve as an exceptional circumstance, an alien must prove counsel's deficient performance resulted in prejudice and satisfy certain procedural requirements.  *Dakane v. U.S. Att'y Gen.*, 371 F.3d 771, 775-76 (11th Cir. 2004) (per curiam).

The BIA did not abuse its discretion in concluding Rosswest had received proper notice of removal proceedings.  The BIA considered all relevant evidence and noted the NTA and Notice of Hearing had been mailed to Rosswest at her last known address.  In addition, the NTA had been mailed to the Pinestead address in June 2009, before Rosswest moved in August 2009.  The NTA had not been returned as undeliverable.  Rosswest's self-serving affidavit stating she never received the NTA is insufficient to overcome the presumption she did receive it.

The BIA properly disregarded additional evidence that was not submitted first to the IJ.  *See* 8 C.F.R. § 1003.1(d)(3)(iv) (providing the BIA "will not engage in factfinding in the course of deciding appeals").  That the immigration court mailed a courtesy copy of the NTA to Rosswest's former attorney is irrelevant.  Although Rosswest argues the NTA did not contain the date and time of her removal hearing, the NTA warned her of her duty to update her address and placed her on notice of an upcoming hearing.  Because Rosswest failed to update her

8

address, notice of the hearing was not required under INA § 240(b)(5)(B), 8 U.S.C. § 1229a(b)(5)(B).

Likewise, Rosswest's "exceptional circumstances" argument fails. This argument is based entirely upon her assertion that her former attorney, Levine, failed to notify her of the removal hearing. No evidence in the record establishes, however, that Levine had any duty to inform Rosswest of the removal hearing. Even if he had such a duty, Rosswest cannot demonstrate prejudice, because she has not overcome the presumption that she personally received the NTA by regular mail at the Pinestead address. To the extent she complains of Levine's conduct while she was seeking adjustment of status, that issue is not before us on appeal.

B. Additional Factors Warranting Reopening

Rosswest also argues the BIA abused its discretion by failing to consider numerous other factors in deciding whether to reopen removal proceedings. She contends numerous exceptional circumstances warrant reopening, such as her eligibility for adjustment of status, the potential hardship to her spouse and child should she be removed, and her fears of returning to Jamaica.

We lack jurisdiction over matters Rosswest did not present before the BIA, such as her fears of returning to Jamaica. *See Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (per curiam). Regarding the factors Rosswest raised before the BIA, such as her potential eligibility for adjustment of

9

status and the potential hardship to her spouse and child, the BIA properly declined to consider those factors, because those factors do not allow for the rescission of an in absentia removal order.  *See* INA § 240(b)(5)(C), 8 U.S.C. § 1229a(b)(5)(C) (providing an in absentia removal order may be rescinded "only" upon a motion to reopen alleging the failure to appear was due to exceptional circumstances or lack of notice).  Rosswest does not explain how these other factors prevented her from appearing at her removal hearing.

## C. Untimely Response to Motion to Reopen

Rosswest contends the BIA's consideration of DHS's untimely response in opposition to her motion to reopen was an abuse of discretion.  She argues the BIA should have deemed her motion to reopen as unopposed.[1]

Under the Immigration Court Practice Manual, a response to a motion to reopen must be filed within 15 days after the motion was received by the immigration court, unless otherwise specified by the IJ.  Immigration Court Practice Manual ("Practice Manual"), § 3.1(b)(iv).  The consequence of untimely filing a response to a motion to reopen is "sometimes" that the motion is deemed unopposed.  Practice Manual, § 3.1(d)(ii).  But an IJ "retains the authority to determine how to treat an untimely filing." *Id.*  The IJ and the BIA had discretion

---

[1] We reject the government's argument that Rosswest has not exhausted this issue, because she raised it in her brief to the BIA.

to consider DHS's untimely response.  *See id.*  Accordingly, Rosswest's contention, that the untimely response must have been ignored, is without merit.

D. Due Process

Rosswest argues the BIA abused its discretion by failing to address her claim that she was denied due process, when the IJ held the removal hearing in her absence.  She further asserts the BIA should have remanded her case to the IJ for consideration of additional evidence.

The BIA is not required to discuss in its opinion every piece of evidence presented.  *Seck v. U.S. Att'y Gen.*, 663 F.3d 1356, 1364 (11th Cir. 2011).  Where the BIA has given reasoned consideration and made adequate findings, we will not require that it specifically address each claim the petitioner made or each piece of evidence the petitioner presented.  *Id.*  Rather, the BIA must "consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted."  *Id*. (citation and internal quotation marks omitted).  A party seeking to introduce additional evidence requiring factfinding must file a motion to remand the case to the IJ.  8 C.F.R. § 1003.1(d)(3)(iv).

The BIA did not abuse its discretion by not addressing Rosswest's due process claim, particularly when Rosswest failed to overcome the presumption she had received proper notice of her removal hearing.  *See Seck*, 663 F.3d at 1364.  In

11

addition, the BIA was not obligated to remand the case to the IJ sua sponte.

Instead, Rosswest was required to seek remand.  *See* 8 C.F.R. § 1003.1(d)(3)(iv).

**PETITION DENIED.**