Quizhpi v. Lynch

BIA
Montante, IJ
A096 442 333

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT=S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of May, two thousand fifteen.

PRESENT:
　　　　PIERRE N. LEVAL,
　　　　JOSÉ A. CABRANES,
　　　　CHRISTOPHER F. DRONEY,
　　　　　　*Circuit Judges.*

_____

JORGE QUIZHPI,
　　　　*Petitioner*,

　　　v.　　　　　　　　　　　　　　　　14-475
　　　　　　　　　　　　　　　　　　　　NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL*,
　　　　*Respondent*.

_____

FOR PETITIONER:　　　　Michael E. Piston, New York, New York.

---

*Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**FOR RESPONDENT:** Joyce R. Branda, Acting Assistant Attorney General; John S. Hogan, Assistant Director; Matthew A. Spurlock, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Jorge Quizhpi, a native and citizen of Ecuador, seeks review of a January 23, 2014, decision of the BIA, affirming the May 7, 2012, decision of an Immigration Judge ("IJ"), denying his motion to reopen. *In re Jorge Quizhpi*, No. A096 442 333 (B.I.A. Jan. 23, 2014), *aff'g* No. A096 442 333 (Immig. Ct. Buffalo May 7, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. §

1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

We review the denial of motions to reopen for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69, 173 (2d Cir. 2008). A motion to rescind an *in absentia* removal order is reviewed under the same standard as a motion to reopen. *See Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006). Generally, a motion to rescind must be filed within 180 days of a removal order. 8 U.S.C. § 1229a(b)(5)(C)(i). The deadline may be tolled, however, if an alien can demonstrate that he did not receive proper notice of the hearing. *Id*. § 1229a(b)(5)(C)(ii).

Quizhpi received proper notice because his Notice of Hearing was mailed to his last known address, which was provided on the Notice to EOIR: Alien Address (Form I-830). *See* 8 U.S.C. § 1229(c). Quizhpi asserted that he never lived at the address provided on the I-830, and that his bond obligor had provided that address without his knowledge. However, the I-830 stated that it was Quizhpi who had provided the address.

3

Accordingly, because the record supports the agency's finding that Quizhpi did not provide a correct updated address, it did not err in finding that Quizhpi could not "evade delivery of a properly sent [Notice of Hearing] by relocating without providing the required change of address[.]" *See Matter of M-R-A-*, 24 I. & N. Dec. 665, 675 (B.I.A. 2008); *Maghradze v. Gonzales*, 462 F.3d 150, 154 (2d Cir. 2006) (finding permissible the BIA's determination that an alien who fails to provide an update of a change of address is deemed to have constructively received notice in accordance with 8 U.S.C. § 1229(a)).

Quizhpi argues that he was denied due process because he was not given the opportunity to cross-examine the immigration officer who prepared the I-830. But Quizhpi was afforded an opportunity to argue that issue before the BIA because the IJ's reliance on that document presupposed its reliability. *See Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (noting that a due process violation requires showing lack of notice and opportunity to be heard or deprivation of fundamental fairness).

4

Quizhpi does not challenge the agency's determination that, to the extent that he sought reopening to apply for adjustment of status, his motion was untimely and he failed to establish prima facie eligibility for that relief. He has therefore waived review of that issue. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n.1 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk