# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 27, 2016

Lyle W. Cayce
Clerk

No. 15-60261
Summary Calendar

MIGUEL ANGEL HERNANDEZ-GONZALEZ,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 937 585

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

Miguel Angel Hernandez-Gonzalez, a native and citizen of El Salvador, failed to appear at his 2006 removal hearing and was ordered deported in absentia. In 2013, he moved to reopen the proceedings and to rescind the removal order, asserting that he had never received notice of the hearing date. The immigration judge (IJ) denied the motion, and the Board of Immigration Appeals (BIA) dismissed Hernandez-Gonzalez's ensuing appeal. He now

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60261

petitions for review of the BIA's decision, arguing, for the first time in any court, that he received ineffective assistance of counsel in relation to his motion to reopen and that he is otherwise eligible for relief from removal.

Because Hernandez-Gonzalez did not address either of those claims to the BIA, we have no jurisdiction to consider them. *See* 8 U.S.C. § 1252(d)(1); *Wang v. Ashcroft*, 260 F.3d 448, 452-43 (5th Cir. 2001); *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). Thus, we dismiss his petition in part for lack of jurisdiction.

Preserved for review, however, is his underlying argument that he did not receive notice of the 2006 removal hearing. *See* § 1252(d)(1). Because the BIA adopted the IJ's factual findings and conclusions in denying the motion to reopen, we review both decisions, applying a highly deferential abuse-of-discretion standard. *See Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014); *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). We review the factual findings for substantial evidence. *Wang*, 569 F.3d at 536-37.

If an alien "demonstrates that he did not receive proper notice of the removal hearing," the resulting removal order may be rescinded. 8 U.S.C. § 1229a(b)(5)(C)(ii); *see Gomez-Palacios v. Holder*, 560 F.3d 354, 360 (5th Cir. 2009). We apply a presumption that a properly addressed notice sent by regular mail was received by the alien. *See Matter of M-R-A-*, 24 I. & N. Dec. 665, 671-73 (BIA 2008). The alien may overcome the presumption of delivery by presenting "sufficient evidence" that he did not actually receive notice of the removal hearing. *Id.* at 673-74. However, a removal order will not be rescinded for lack of notice if the alien moved to a new address without notifying the immigration court. *Id.* at 675; *Gomez-Palacios*, 560 F.3d at 361.

The record reflects that following his initial arrest Hernandez-Gonzalez was personally served with a Notice to Appear, which explicitly admonished

that he must provide the immigration court with an address for service and notify the court of any change of address. *See* 8 U.S.C. § 1229(a)(1)(F)(i) & (ii). He initially provided the court with an address in Santa Ana, California, to which notice of the removal hearing was mailed. However, he conceded that he eventually moved without informing the immigration court or providing a new address, and the record supports his concession.

Hernandez-Gonzalez offers no evidence disputing the IJ's factual findings or rebutting the presumption that notice of the removal hearing was delivered to the address he provided to the immigration court. Given that, he fails to show that the IJ's refusal to reopen the removal proceedings was "capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Gomez-Palacios*, 560 F.3d at 358. Therefore, the BIA did not abuse its discretion in dismissing Hernandez-Gonzalez's appeal. *See Barrios-Cantarero*, 772 F.3d at 1021.

The petition for review is DISMISSED IN PART for lack of jurisdiction and DENIED IN PART.