15-1866
Ruballos v. Sessions

BIA
Ferris, IJ
A094 091 857

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of March, two thousand seventeen.

PRESENT:
        RICHARD C. WESLEY,
        DENNY CHIN,
        RAYMOND J. LOHIER, JR.,
          *Circuit Judges.*
_____

MARCO RUBALLOS,
      *Petitioner,*

      v.                   15-1866
                                 NAC

JEFFERSON B. SESSIONS, III, UNITED STATES ATTORNEY GENERAL,
      *Respondent. **
_____

FOR PETITIONER:      Bruno J. Bembi, Hempstead, N.Y.

FOR RESPONDENT:      Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Erica B. Miles, Senior Litigation Counsel; Aric A. Anderson, Trial Attorney,

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Jefferson B. Sessions, III, is automatically substituted for former Attorney General Loretta E. Lynch.

Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED in part and DENIED in part.

Petitioner Marco Ruballos, a native and citizen of El Salvador, seeks review of a May 6, 2015, decision of the BIA affirming a November 13, 2013, decision of an Immigration Judge ("IJ") denying Ruballos's motion to rescind his in absentia removal order. *In re Marco T. Ruballos*, No. A094 091 857 (B.I.A. May 6, 2015), *aff'g* No. A094 091 857 (Immig. Ct. N.Y. City Nov. 13, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the denial of a motion to rescind an *in absentia* removal order under the same abuse of discretion standard applicable to motions to reopen. *See Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006).

"An order entered in absentia in deportation proceedings may be rescinded only upon a motion to reopen filed . . . [a]t any time if the alien demonstrates that he or she did not receive notice . . . ." 8 C.F.R. § 1003.23(b)(4)(iii)(A)(2); 8 U.S.C. § 1229a(b)(5)(C)(ii). There is a receipt presumption, however, for notices sent by regular mail, which "is weaker than that accorded to notice sent by certified mail." *Matter of M-R-A-*, 24 I. & N. Dec. 665, 673 (B.I.A. 2008). "[W]hen an Immigration Judge adjudicates a respondent's motion to reopen to rescind an in absentia order of removal based on a claim that a Notice to Appear or Notice of Hearing sent by regular mail to the most recent address provided was not received, all relevant evidence submitted to overcome the weaker presumption of delivery *must* be considered." *Id.* at 673-74 (emphasis added). Relevant factors include the following: "(1) the respondent's affidavit; (2) affidavits from family members or other individuals who are knowledgeable about the facts relevant to whether notice was received; (3) the respondent's actions upon learning of the in absentia order, and *whether due diligence was exercised in seeking to redress the situation*; (4) any prior affirmative application for relief, indicating that the respondent had an incentive to appear; (5) any prior

3

application for relief filed with the Immigration Court or any prima facie evidence in the record or the respondent's motion of statutory eligibility for relief, indicating that the respondent had an incentive to appear; (6) the respondent's previous attendance at Immigration Court hearings, if applicable; and (7) any other circumstances or evidence indicating possible nonreceipt of notice." *Id.* at 674. (emphasis added). Even if the presumption is rebutted, "aliens who fail to provide a written update of a change of address are deemed to have constructively received notice" if they have been notified of the change of address requirements and the consequences of failing to appear. *See Maghradze v. Gonzales*, 462 F.3d 150, 154 (2d Cir. 2006).

We conclude that the IJ abused her discretion by considering only one of the many required factors in determining whether Ruballos had rebutted the receipt presumption attached to his notice. *See Matter of M-R-A-*, 24 I. & N. Dec. at 674. The IJ, relying on *Iavorksi v. INS*, 232 F.3d 124 (2d Cir. 2000), denied Ruballos's motion solely on diligence grounds; however, *Iavorksi* concerns equitable tolling of the 90-day deadline for motions to reopen based on ineffective assistance of counsel, and Ruballos's motion to rescind was not subject to any time

4

limitation, *see* 232 F.3d at 134; 8 U.S.C. § 1229a(b)(5)(C)(ii); 8 C.F.R. § 1003.23(b)(4)(iii)(A)(2).  Although diligence is relevant to determining whether the receipt presumption has been rebutted, it is only one of many factors that "must be considered."  *Matter of M-R-A-*, 24 I. & N. Dec. at 674.

The BIA further erred by concluding that Ruballos had constructive notice of his 1998 hearing because the hearing notice was properly mailed to the Mahopac address provided in his 1996 asylum application.  We have approved of application of the doctrine of constructive notice only when an alien has previously been given notice of the change of address requirements and the consequences of failing to appear. *See Maghradze*, 462 F.3d at 153-54.  Here, Ruballos was not notified of the change of address requirements and the consequences of failing to appear; his 1996 asylum application contains no such instructions or warnings, and nothing else in the record suggests that they were provided prior to the mailing of the notice.  Therefore, the BIA's supplementary ruling that Ruballos had constructive notice of his hearing notice was also an abuse of discretion.  *See id*.

Lastly, we decline to consider Ruballos's unexhausted argument that he was improperly ordered removed when he was a

5

Temporary Protected Status registrant and a member of the class in *American Baptist Churches v. Thornburgh*, 760 F. Supp. 796 (N.D. Cal. 1991). *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) (providing that judicially imposed issue exhaustion is mandatory).

For the foregoing reasons, the petition for review is GRANTED in part and DENIED in part, and the case is REMANDED for further proceedings consistent with this order. As we have completed our review, the stay of removal that the Court previously granted in this petition is VACATED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk