# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60324
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 13, 2018

Lyle W. Cayce
Clerk

GRACIA MARIA BARAHONA-MIRA,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A097 739 452

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Gracia Maria Barahona-Mira, a native and citizen of El Salvador, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing her appeal of an order of an Immigration Judge (IJ) denying her motion to reopen removal proceedings and to rescind an earlier *in absentia* removal order. She contends that she did not receive proper notice of the removal hearing because it was not addressed to her but allegedly to her

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60324

parent.  Because she was not under 14 years of age at the time, Barahona-Mira contends that service on a parent was insufficient to satisfy the statutory requirements of proper service.

In reviewing the denial of a motion to reopen removal proceedings, we apply a deferential abuse of discretion standard.  *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 203 (5th Cir. 2017).  The BIA's decision must be upheld as long as it is not "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach."  *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006) (internal quotation marks and citation omitted).  We review the BIA's factual findings under the substantial evidence test, meaning that we may not overturn the BIA's factual findings unless the evidence compels a contrary conclusion.  *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994).

The address Barahona-Mira provided to the Department of Homeland Security (DHS) included her name, as well as "c/o Gloria A. Iraheta."  Substantial evidence supports the BIA's finding that the hearing notice was mailed to this address.  *See id.*  The BIA found that service thus complied with the statute and applicable regulations, citing 8 C.F.R. § 103.8 (previously codified at 8 C.F.R. § 103.5a (2003)) and 8 U.S.C. § 1229(c).  The evidence does not compel a contrary conclusion.  *See Chun*, 40 F.3d at 78; *see also* 8 U.S.C. § 1229a(b)(5)(A), (B).  Also, substantial evidence supports the BIA's finding that Barahona-Mira failed to rebut the presumption of delivery of the notice.  *See Chun,* 40 F.3d at 78; *In re M-R-A-*, 24 I. & N. Dec. 665, 672-73 (BIA 2008).

For the first time before this court, Barahona-Mira argues that the 2003 Notice to Appear (NTA) failed to inform her in Spanish of the consequences of failing to report an address change.  We do not have jurisdiction to review this claim.  *See Ramos-Torres v. Holder*, 637 F.3d 544, 547 (5th Cir. 2011).

No. 17-60324

Barahona-Mira complains that the BIA did not consider evidence demonstrating the hardship her husband would suffer if she was deported, as well as evidence establishing her eligibility for an adjustment of status. The IJ, with whom the BIA agreed, noted this contention but correctly determined that Barahona-Mira's motion to reopen based on these circumstances was untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i).

We do not have jurisdiction to review Barahona-Mira's apparent argument for equitable tolling of the deadline because she did not raise this argument before the BIA. *See Ramos-Torres*, 637 F.3d at 547. Additionally, we do not have jurisdiction to review a challenge to the BIA's decision declining to exercise its sua sponte authority to reopen Barahona-Mira's removal proceedings. *See Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 249-50 (5th Cir. 2004). Lastly, Barahona-Mira's argument that the BIA violated her due process rights by not reopening her removal proceedings so that she could adjust her status is unavailing "because there is no liberty interest at stake in a motion to reopen due to the discretionary nature of the relief sought." *See Gomez-Palacios v. Holder*, 560 F.3d 354, 361 n.2 (5th Cir. 2009). Accordingly, Barahona-Mira's petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction.