NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0572n.06

Case No. 20-3144

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JONATTAN GUERRA-CANALES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW OF A |
| v. | ) | DECISION OF THE UNITED |
| | ) | STATES BOARD OF |
| WILLIAM P. BARR, Attorney General, | ) | IMMIGRATION APPEALS |
| | ) | |
| Respondent. | ) | |
| | ) | |

BEFORE: SILER, SUTTON, and LARSEN, Circuit Judges.

**SILER**, Circuit Judge. Jonattan Guerra-Canales ("Guerra") petitions for review of the Board of Immigration Appeals' (BIA) decision denying his motion to reopen an *in abstentia* order of removal based on lack of notice. Guerra did not establish that his lack of notice was through no fault of his own. Therefore, we **DENY** the petition for review.

I.

On October 16, 2016, Guerra, a citizen and national of El Salvador, entered the United States illegally without being admitted or paroled after inspection by an immigration officer. The Department of Homeland Security (DHS) apprehended Guerra and took him into custody. On October 21, 2016, Guerra was personally served with a Notice to Appear (NTA) and Order of Release, charging him with being removable from the U.S. pursuant to 8 U.S.C. § 1182(a)(6)(A)(i).

Both documents gave Guerra's address as 4846 CB Place, Apt. 8, Springdale, AR 72764. The DHS's Notice to the Executive Office for Immigration Review (EOIR): Alien Address (Notice to EOIR), dated November 14, 2016, lists the same address.

On January 27, 2017, the DHS began removal proceedings against Guerra by filing the NTA with the Immigration Court (IJ). On February 27, 2017, Guerra filed an application for asylum and withholding of removal and requested protection under the Convention Against Torture (CAT). This application lists Guerra's address as 4846 CB Place, Apt. A, Springdale, AR 72764. On March 3, 2017, the IJ mailed to Guerra a Notice of Hearing (NOH) that his removal hearing would be held on April 27, 2017 and addressed it to 4846 CB Place, Apt. 8, Springdale, AR 72764 as indicated on his NTA. The NOH was not returned as undeliverable and it advised Guerra of the consequences if he should not appear as scheduled. Guerra in the meantime attended three check-in appointments as required on his Order of Release on (1) November 21, 2016, (2) May 9, 2017, and (3) November 14, 2017.

On April 27, 2017, the IJ conducted Guerra's removal hearing but Guerra did not appear as required. He was then ordered removed *in absentia* to El Salvador. This order was mailed to Guerra at 4846 CB Place, Apt. 8, Springdale, AR 72764, and was returned as undeliverable to the EOIR.

On March 5, 2018, Guerra filed a motion to rescind the *in absentia* removal order and reopen proceedings.[1] Guerra argued that he did not receive notice of his April removal hearing and that he had made several phone calls to the EOIR hotline between November 2016 and March

---

[1] The DHS filed a notice that it did not oppose Guerra's motion on February 28, 2018, but for unknown reasons the IJ did not acknowledge the DHS's lack of opposition until June 1, 2018, after the IJ denied the motion. The IJ instead states that the DHS had not filed its response in opposition and does not mention the lack of opposition in its decision and order. However, our review is for abuse of discretion, and this issue is relevant but not dispositive.

2017, with each indicating his NTA had not been filed and that no hearing had yet been scheduled. In his original motion, Guerra claimed that: (1) he did not receive timely, adequate or accurate notice as due process requires; and (2) the proceedings should be reopened *sua sponte*, in the alternative. This motion included with its brief: (1) affidavits from Guerra and his sister Flor with evidence of their address at 4846 CB Place, Apt. A, Springdale, AR 72764; (2) the receipt confirming Guerra's application for asylum; (3) his asylum application; (4) evidence Flor was having issues receiving mail at her address during the relevant time of notice; and (5) Guerra's appointment history.

The IJ denied Guerra's motion to rescind the *in absentia* removal order and reopen proceedings. The IJ reasoned that Guerra was personally served with the NTA and that the NTA informed Guerra of the consequences of failing to appear and for failure to keep his address current and correct. Both his NOH and order of removal were sent to 4846 CB Place, Apt. 8, Springdale, AR 72764, with only the order of removal being returned as undeliverable. The IJ held that Guerra failed in his obligation to promptly update his address with the IJ because the address listed on his NTA and release paperwork was inaccurate. It held that (1) Guerra did not establish his alleged lack of notice was due to no fault of his own as required under 8 U.S.C. § 1229a(b)(5)(C); and (2) Guerra's situation did not rise to the level of exceptional circumstances required under 8 U.S.C. § 1229a(e)(1) to reopen proceedings *sua sponte*, as he failed to correct his address with the IJ and provided no evidence of country conditions to support his claim under CAT or for withholding removal for the purpose of applying for asylum under 8 U.S.C. § 1231(b)(3).

The BIA affirmed the IJ's decision without opinion, rendering the IJ's decision as the final agency determination. *See Ali v. Ashcroft*, 366 F.3d 407, 409 (6th Cir. 2004).

II.

We review a decision denying a motion to reopen under the abuse-of-discretion standard. *Thompson v. Lynch*, 788 F.3d 638, 642 (6th Cir. 2015). Where, as here, the BIA summarily affirms an IJ's decision without issuing an opinion, the IJ's decision is deemed the "final agency action to be reviewed by this Court." *Ali*, 366 F.3d at 409. Therefore, whether the IJ erred in finding that Guerra "did not establish that his alleged lack of notice was through no fault of his own" is properly reviewed under the abuse of discretion standard. *See* 8 U.S.C. § 1229a(b)(5)(C).

We review legal issues *de novo*, "but defer[] to the agency's reasonable interpretations of its own precedents." *Bi Xia Qu v. Holder*, 618 F.3d 602, 606 (6th Cir. 2010).

III.

Any removable alien, who after written notice, fails to attend a removal proceeding "shall be ordered removed *in absentia* if the Service establishes by clear, unequivocal, and convincing evidence" that written notice was provided. 8 U.S.C. § 1229a(b)(5)(A); *see* 8 C.F.R. § 1003.26(c). Written notice "shall be considered sufficient" if provided at the most recent address provided by the alien. 8 U.S.C. § 1229a(b)(5)(A); *see* 8 U.S.C. §1229(c); 8 C.F.R. § 1003.26(d). The alien must "immediately provide (or have provided) . . . a written record of an address and telephone number (if any) at which the alien may be contacted respecting proceedings." 8 U.S.C. § 1229(a)(1)(F). An order may be rescinded only if (i) a motion to reopen is filed within 180 days after the date of removal that demonstrates the failure to appear was due to exceptional circumstances; or (ii) a motion is filed at any time if the alien demonstrates he did not receive notice *and* "the failure to appear was through no fault of the alien." 8 U.S.C. § 1229a(b)(5)(C) (emphasis added); *see* 8 C.F.R. § 1003.23(b)(4)(ii). This motion proceeds under the second category because Guerra does not claim any "exceptional circumstances."

The regulations mandate that if an alien's address on the NTA is incorrect, "the alien must provide to the Immigration Court where the charging document has been filed, within five days of service of that document, a written notice of an address and telephone number at which the alien can be contacted. The alien may satisfy this requirement by completing and filing Form EOIR-33." 8 C.F.R. § 1003.15(d)(1).

### A.

Guerra failed to update or correct his address with DHS by filing a Form EOIR-33. The DHS personally served Guerra with his NTA and Order of Release. Guerra signed both documents, listing Guerra's mailing address as 4846 CB Place, Apt. 8, Springdale, AR 72764. The NTA provides that:

> Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

The IJ mailed the NOH to 4846 CB Place, Apt. 8, Springdale, AR 72764 and it was not returned as undeliverable. Guerra did not correct the address of record at any time prior to the IJ's order to remove *in absentia*. *See* 8 C.F.R. § 1003.15(d)(1). Guerra makes the bare assertion that he provided the correct address, 4846 CB Place, Apt. A, Springdale, AR 72764, to the DHS and therefore the incorrect address on both the NTA and order of release were due to no fault of his own. However, Guerra's mere assertions that he provided the correct address are not supported by the evidence, and indeed are directly contradicted by his signatures on both the NTA and Order of Release. The NTA specifically warned Guerra of the severe consequences for failing to update his address.

There is evidence that the DHS had at least some notification that Guerra's correct address was 4846 CB Place, Apt. A, Springdale, AR 72764. Guerra submitted a Form I-589 asylum application listing his address as 4846 CB Place, Apt. A, Springdale, AR 72764, which was received and pending as of February 27, 2017. The IJ did not send Guerra his NOH until March 3, 2017 to the address on his NTA, 4846 CB Place, Apt. 8, Springdale, AR 72764. Guerra's asylum application containing his correct address did not sufficiently notify the IJ that the address of record on his NTA was incorrect, nor is there evidence this was Guerra's intention. First, the application does not mention the error of address on either the NTA or the Order of Release; and second, Guerra did not complete or file a Form EOIR-33 as prescribed in the regulations. *See* 8 C.F.R. § 1003.15(d)(1). The asylum application did not give DHS or the IJ reason to question the address provided on Guerra's NTA and Order of Release. It was Guerra's duty to provide the correct address at which he could be reached. *See Timchenko v. Holder*, 485, F. App'x 813, 815-16 (6th Cir. 2012) (holding the petitioner "bears the responsibility for any error that prevented the mail from reaching him"). On February 28, 2018, the DHS filed a notice that it did not oppose Guerra's motion to reopen proceedings. This fact is admittedly unexplained on the record. The fact that the DHS did not originally oppose Guerra's motion did not absolve Guerra of his duty to provide and update his correct and current address on the NTA and Order of Release nor bring the IJ's decision into the realm of the irrational, inexplicable, or impermissible type basis required to find abuse of discretion. *See Santos-Santos v. Barr*, 917 F.3d 486, 489 (6th Cir. 2019).

In *Thompson,* the petitioner claimed to have provided the correct address to immigration officials only to have the officials transcribe the wrong address. 788 F.3d at 645. As with Guerra, Thompson signed his NTA, despite the erroneous address and failed to receive the notices of hearing mailed to him. *Id*. Thompson, as with Guerra, was ordered removed *in absentia* and later

moved to reopen proceedings against him. *Id.* The BIA denied his motion "on the basis that [he] had failed to comply with the requirement that [he] inform the government of [his] current mailing address, thereby forfeiting the right to notice of any subsequent removal proceeding against [him]." *Id.* In *Thompson*, this court held that even if the immigration official makes a mistake, it still does not absolve the petitioner because he has "both the *opportunity* to provide his current, correct address at the time he receive[s] his [NTA] and the *obligation* to ensure that the [DHS] ha[s] an address at which he c[an] be reached throughout the proceedings." *Id.* at 647 (emphasis added). This court underscored that this obligation "necessarily include[s] a duty to correct the address listed on the [NTA], particularly since the [NTA] inform[s] [the petitioner] that all future mailings w[ill] be sent to the address listed on the form." *Id.*[2]

The address on Guerra's NTA and Order of Release listed 4846 CB Place, Apt. 8, Springdale, AR 72764. Guerra had both the opportunity and duty to correct this address. Guerra signed the NTA and Order of Release, acknowledging the incorrect address. One who signs a form, including in immigration cases, creates a strong presumption that he or she "conclusively . . . [knows] its contents and . . . assent[s] to them." *Id.* (internal citations omitted). Guerra, therefore, created a strong presumption that he was aware of the error on both his NTA and Order of Release. Despite the phone interactions with DHS and attendance at the required appointments Guerra failed to correct the error in writing. Therefore, he cannot show that his lack of notice was through no fault of his own. The alternative outcome would render "the requirements of 8 U.S.C. § 1229(a)(1)(F) and the related threat of *in absentia* removal relatively toothless." *Thompson*, 788 F.3d at 647. Although, as in *Thompson*, there is nothing on the record showing that Guerra

_____

[2] In *Timchenko*, this court held that a petitioner did not meet his obligation to provide the court with a correct, current address when he failed to include his apartment number on the address he gave the court. 485 F. App'x at 816.

intentionally created this unfortunate situation, his lack of diligence in correcting the address on his NTA has "led to the very problem that the relevant statutory and regulatory provisions are designed to avoid." *Id.* at 648.[3]

Guerra alternatively asserts that his sister, who resided at 4846 CB Place, Apt. A, Springdale, AR 72764, was having issues receiving mail around the time his NOH was sent, and that this then led to his lack of notice. The record indicates that his sister moved apartments within the same building and ultimately consulted with post office officials in order to remedy her delivery problems. However, Guerra and his sister have different first and last names and confusion over where to deliver her mail, labeled with her name, would most likely not interrupt Guerra's mail, in his name, to the correct address. His sister's mail issues, while unfortunate, are collateral to the fact that the IJ mailed notice to the address on the NTA, which Guerra failed to correct. Therefore, Guerra cannot show that his failure to update his address in writing and the resulting lack of notice of his hearing were of "no fault of his own." *See* 8 U.S.C. § 1229a(b)(5)(C).

## B.

Guerra argues that the IJ abused its discretion when it failed to consider the seven factors laid out in *Matter of M-R-A-*, 24 I&N Dec. 665 (B.I.A. 2008). In order to overcome the presumption of delivery that arises when an NTA is properly mailed to the last address provided by the alien, the petitioner must show "(1) that he provided the court with a correct, current address;

---

[3] Other circuit court decisions also support this theory. *See Meng Hua Wan v. Holder*, 776 F.3d 52, 57 (1st Cir. 2015) (denying a petitioner's motion to rescind an *in absentia* order due to a wrong zip code on the petitioner's NTA); *Gomez-Palacios v. Holder*, 560 F.3d 354, 360 (5th Cir. 2009) (emphasizing "an alien's failure to receive actual notice of a removal hearing due to his neglect of his obligation to keep the [I]mmigration [C]ourt apprised of his current mailing address does not mean that the alien 'did not receive notice'"); *Maghradze v. Gonzales*, 462 F.3d 150, 154 (2d Cir. 2006) (holding the fact that the NTA had an incorrect address was substantial evidence that the petitioner did not supply the correct address).

and (2) that the notice was never received." *Thompson*, 788 F.3d at 643 (internal citations omitted). The *M-R-A-* factors help a court determine whether the petitioner has overcome the presumption of delivery. 24 I&N Dec. at 674. *See also Ly v. Holder*, 327 F. App'x 616, 621-24 (6th Cir. 2009) (applying the *M-R-A-* factors revealed that petitioner failed to rebut the presumption of delivery; petitioner, therefore, had to fulfill the obligation stated on the NTA to update his address). The presumption of delivery is not at issue in this case—only whether the lack of notice was Guerra's fault.

Having "failed to provide the immigration court with his updated address as required by 8 U.S.C. § 1229(a)(1)(F)(ii)," Guerra has "no basis to object to his lack of notice and, pursuant to §1229a(b)(5)(B), to his removal *in absentia*." *Id.* at 644. Further**,** in *M-R-A-*, the BIA stated that "Immigration Judges are *neither required to deny reopening if exactly such evidence is not provided nor obliged to grant a motion, even if every type of evidence is submitted*. Each case must be evaluated based on its own particular circumstances and evidence." 24 I&N Dec. at 674 (emphasis added). The BIA stressed that once "a respondent has received a [NTA], he must comply with this statutory responsibility" and "affirmative duty" to update his address "with the DHS in writing and to notify the Immigration Court immediately by filing a Form EOIR-33." *Id.* at 675. It held that "a respondent cannot evade delivery of a properly sent Notice of Hearing by relocating without providing the required change of address and then request reopening of in absentia proceedings on the basis of a claim that he did not receive notice." *Id.* (internal citations omitted). The BIA's reasoning in *M-R-A-* naturally extends to the idea that an alien may not evade delivery of a properly sent NOH by failing to update his incorrect address provided on his NTA.

Guerra cannot now rely on his failure to receive a hearing notice as a basis for reopening his removal proceedings. There is no dispute that the IJ mailed Guerra's NOH to the address listed

on his NTA, 4846 CB Place, Apt. 8, Springdale, AR 72764. Guerra did not provide the IJ with a correct, current address to which notification could be mailed. Therefore, the IJ did not abuse its discretion in denying Guerra's motion to reopen proceedings.

C.

"A party forfeits an issue that it does not raises in its briefs." *Garcia-Morales v. Sessions*, 712 F. App'x 559, 562 (6th Cir. 2017) (internal citations omitted). Guerra failed to raise any issue regarding the IJ's decision to decline reopening his proceedings *sua sponte* or the BIA's affirmation of the same. Therefore, Guerra has forfeited the issue of whether the IJ abused its discretion by not reopening proceedings *sua sponte*.

IV.

Based on the foregoing reasons, we **DENY** Guerra's petition for review.